549 A.2d 1320

**COMMONWEALTH of Pennsylvania**

v.

**Luis R. ROMAN.**

**Appeal of George R. ZAISER.**

Superior Court of Pennsylvania.

Argued Aug. 16, 1988.

Filed Nov. 3, 1988.

George R. Zaiser, Franklin, for appellant.

William G. Martin, Jr., District Attorney, Franklin, for Com., appellee.

Before BROSKY, KELLY and HESTER, JJ.

HESTER, Judge:

Attorney George R. Zaiser appeals from the order entered September 9, 1987, in the Court of Common Pleas of Venango County, denying his petition to withdraw as defense counsel in the matter of *Commonwealth v. Roman*. We reverse.

Appellant, a Pennsylvania attorney, was hired to represent Luis R. Roman in two criminal cases—one dealing with delivery of cocaine, the other with possession with intent to deliver cocaine, possession of cocaine, and possession of a small amount of marijuana. Appellant and Roman entered into a fee arrangement which provided that in the event Roman failed to make payment when due, appellant could withdraw from further representation. Roman was convicted of the charges following two jury trials. His post-verdict motions were denied, and he was sentenced to a term of incarceration on August 21, 1987. Appellant filed an appeal in both cases to this court and then petitioned to withdraw his representation. The trial court denied the petition, and this timely appeal followed.

Appellant contends that the client consented to his withdrawal. Moreover, the trial court accepted as true his allegation that Roman owed him $12,518.58. However, the court did not find this fact dispositive. The court wrote:

As the trial judge, we recognize that counsel has devoted his professional skills and much time in his capable representation of defendant. However, as of May 22, 1987, when total counsel fees and costs in the sum of $12,518.58 had been incurred, counsel had to know the ac-

count was delinquent (for what further period of time does not appear of record).

We conclude his petitions to withdraw his representation at this late stage of the proceedings, when appeals are pending, are not timely filed.

Trial court opinion at 3.

We respectfully disagree with the court's reasoning and, accordingly, reverse.

"There are no prophylactic rules which exist when determining whether a denial or withdrawal amounts to an abuse of discretion. Each case must be decided by balancing the competing interests giving due regard to the facts presented." *Commonwealth v. Scheps*, 361 Pa.Super. 566, 576, 523 A.2d 363, 368 (1987) (concurring and dissenting opinion by Wieand, J.; dissenting opinion by Olszewski, J.). Judge Cercone, writing the lead opinion, noted that the attorney and his criminal client agreed to a fee arrangement, but that when it became apparent that the client would be unable to pay $6,000.00 in outstanding fees and estimated future fees of $150,000.00, the attorney filed a petition to withdraw. At the hearing on the petition, the client indicated his intent to discharge the attorney since he could not afford his services. The trial court refused to grant the withdrawal. We reversed.

We found that withdrawal was appropriate under Pennsylvania Code of Professional Responsibility, Disciplinary Rule 2–110(C)(1)(f), which holds that a lawyer may request permission to withdraw if his client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Moreover, since the client dismissed the attorney, we found DR 2–110(C)(5) applicable (a lawyer may request permission to withdraw when "[h]is client knowingly and freely assents to termination of his employment.") We concluded:

Where a lawyer has conscientiously represented his client and has not left him without time to prepare his case for trial or to procure other counsel for such trial, his petition for withdrawal is not made in bad faith. And where said client made in bad faith [sic] owes past legal

fees of a substantial amount and is not in a position to pay for future legal fees for a protracted trial, there is no reason to deny an attorney's petition for leave to withdraw ... The court's denial of Mr. Lieberman's petition imposes a punishment resulting in the risk of detriment to his career, let alone substantial financial losses. It should not be permitted. After all, it is the client's responsibility and not the attorney's to pay for the heavy costs of trial.

*Id.* 361 Pa.Super. at 581–82, 523 A.2d 370.

In *Commonwealth v. Sweeney*, 368 Pa.Super. 33, 533 A.2d 473 (1987), we reversed a trial court order and permitted counsel to withdraw from representing an indigent client in the latter's appeal to this court, finding it significant that there was no record support for the trial court's finding that the client had compensated counsel for taking the appeal. "[T]he trial court ... overlooked the one crucial factor which goes to the heart of the instant appeal and upon which [counsel] premised his plea to withdraw from further representation. That is, the trial court failed to consider the economics of [counsel's] continued representation." *Id.* 368 Pa.Super. at 40, 533 A.2d at 477.

We also considered the Code of Professional Responsibility, Ethical Consideration 2–31, which states that counsel should continue to represent a client through the appellate process unless permission to withdraw is granted, and Ethical Consideration 2–32, which states that counsel's decision to withdraw should be made only after due notice and recommendation of employment of another counsel to protect the welfare of the client and to minimize any prejudice to the client due to the withdrawal. We found that counsel satisfied these considerations as he sought permission to withdraw, offered as substitute counsel his law associate, and prepared a notice of appeal on the client's behalf.

Sweeney further cited the Code of Professional Responsibility, Disciplinary Rule 2–110, which provides for mandatory withdrawal of counsel if he is discharged by his client, and allows permissive withdrawal if the client knowingly and freely assents to the termination of counsel's employ-

ment. Applying these standards, we noted that at the sentencing hearing, the client requested that the court appoint counsel to represent him on appeal. Moreover, the client remained silent when counsel advised the court that the client was without funds to retain him. We concluded: "We deem this silence, coupled with [the client's] record request for appointment of counsel because of his indigency, to be at least an implied acquiescence in [counsel's] withdrawal, and, as such, an implicit discharge of [counsel] from further representation."

■ Turning to the instant case, as in both *Scheps* and *Sweeney*, the client has failed to tender payment due his attorney, appellant. He owes appellant more than $12,-000.00 for services rendered. This is in violation of a fee arrangement whereby appellant and the client agreed that if the latter failed to make payment when due, appellant could withdraw. In both *Scheps* and *Sweeney*, we reversed a trial court order and allowed counsel to withdraw primarily due to the client's failure to pay him. We find these cases dispositive.

■ By the clear terms of the fee arrangement, the client was cognizant that appellant could withdraw his representation at any time. Code of Professional Responsibility, Disciplinary Rule 2–110(C)(1)(f) allows a lawyer to request permission to withdraw when his client "[d]eliberately disregards an agreement or obligation to his lawyer as to expenses or fees." *See also Commonwealth v. Scheps, supra.* Contrary to the trial court's reasoning, it is not important whether or for how long counsel was aware·that he was owed fees. *See* trial court opinion at 3. Rather, the principal inquiry under DR 2–110(C)(1)(f) is whether *the client* was aware of his failure to pay his counsel. It is only reasonable to infer that the client knowingly and intelligently failed to pay a substantial sum for services rendered.

■ It also would be reasonable to hold that the client knowingly and freely assented to the termination of appellant's employment. DR 2–110(C)(5). Appellant's petition to withdraw asserts that the client consented to the withdraw-

al. Moreover, by voluntarily entering into the fee arrangement, it is reasonable to assume that the client knowingly and freely assented to the termination. *See also Commonwealth v. Sweeney, supra.*[1]

■ Furthermore, consistent with *Scheps* and *Sweeney,* appellant has minimized any prejudice which might occur to the client. Nothing before us reveals that appellant represented the client in any but a competent and conscientious manner. It is clear that he performed numerous duties in representing the client in two cases without compensation. Appellant waited until he filed an appeal to this court on the client's behalf before petitioning to withdraw; he did not seek to withdraw in the midst of trial proceedings. The petition to withdraw avers that he advised the client of his intention to withdraw more than one month prior to filing the petition and that he discussed the matter with him on numerous occasions prior to that date. We believe that appellant has acted to minimize the inconvenience to the client due to his withdrawal.

Order vacated; case remanded for the appointment of counsel.

1. Following the filing of *Commonwealth v. Sweeney, supra,* the Commonwealth-appellee reversed the position it had taken in its brief and, in a letter to this court, conceded that appellant should be permitted to withdraw.