**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Timothy Mark DODGE Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 2004.

Filed May 25, 2004.

Leonard J. Frawley, Towanda, for appellant.

Stephen G. Downs, Assistant District Attorney, Towanda, for Commonwealth, appellee.

Before: STEVENS, LALLY–GREEN and KLEIN, JJ.

ORDER AND OPINION GRANTING LEONARD J. FRAWLEY'S PETITION FOR COMPENSATION FOR HIS REPRESENTATION OF TIMOTHY DODGE ON APPEAL

OPINION BY KLEIN, J.

¶ 1 Counsel for defendant Timothy Dodge, Leonard J. Frawley, Esquire, has filed a Petition to this Court to Withdraw as Counsel. Attorney Frawley certified that Dodge has no income or assets. While at one point, Attorney Frawley was being paid by Dodge's parents, they refused to continue paying for the appeal. Attorney Frawley had already used up the amount paid with services rendered at trial.

¶ 2 If Dodge in fact was indigent when counsel asked to withdraw, either Attorney Frawley should have been allowed to withdraw or he should have been appointed to continue at the expense of the county. We, therefore, remand for an evidentiary hearing as to whether Dodge is in fact indigent, and if Dodge is, we direct payment by the County for uncompensated services rendered to date. For any future services, we direct that either the County compensate Mr. Frawley or allow him to withdraw and appoint substitute counsel.

¶ 3 We do not believe that once a parent starts to voluntarily pay a lawyer for a child's criminal defense, they should be compelled to continue to pay for all

trials and appeals forever. No lawyer should be compelled to work *gratis* during the appeal process after a case has been tried. In fact, in *Commonwealth v. Sweeney*, 368 Pa.Super. 33, 533 A.2d 473 (1987), our court was faced with a similar issue regarding whether counsel's motion to withdraw as appellate counsel after he assisted his client in filing his notice of appeal should have been granted where the client only retained counsel for pretrial and trial stages and where the client was indigent and could not afford representation on appeal. The trial court denied counsel's motion, "decide[ing], in effect, that Sweeney had the unequivocal, absolute right to be represented by his former, privately retained counsel, appellant herein, without further compensation to the latter." *Id.* at 481. Our court determined that this decision was an abuse of discretion and reversed the trial court, stating:

> We view the action of the trial court in refusing appellant permission to withdraw tantamount to a denial of Sweeney's guarantee to the effective assistance of counsel at the first level of appellate review despite its order to appellant to serve as Sweeney's appellate counsel. Indeed, we cannot conceive of a situation more compelling than the instant one where the interests of justice required assignment of counsel. Sweeney was without further funds to afford appellate counsel, and appellant herein found himself hamstrung representing a client who could no longer afford his services.

*Id.* at 480 (emphasis added). Our court referred to Pa.R.Crim.P. 316(c) as support

for its decision that the trial court was required to appoint counsel for Sweeney. The rule provides that upon the court's own motion it *shall* appoint new counsel to represent a defendant whenever the interests of justice so require.

¶ 4 The *Sweeney* court set forth a balancing test to be applied on a case-by-case basis which would require a court to weigh the interests of the client in a fair adjudication and the Commonwealth in the efficient administration of justice. Additional factors to include in this analysis would be: the amount of time, money and energy already expended on the case [1] and whether counsel's withdrawal would prejudice his client so as to amount to a "desertion" of the latter's cause. *Id.* at 481, 481 n. 10.

¶ 5 On April 9, 2002, a notice of appeal was filed. Our court received the file from the trial court on July 15, 2002. Less than one month later, on August 5, 2002, Frawley filed his petition to withdraw which we deferred until the time of argument. This petition was served on both Dodge and the District Attorney. Thus, counsel's client was provided due notice he was seeking withdrawal due to economic circumstances, thereby minimizing the prejudice to Dodge. *See Commonwealth v. Roman*, 379 Pa.Super. 331, 549 A.2d 1320 (1988). Because we deferred action on the petition, however, counsel was forced to proceed through the appeal process to date without compensation. By staying in the case this long, without being paid, we do not find counsel is acting in bad faith by seeking withdrawal, especially at this late a stage in the proceedings. *See Common-*

---

1. In his petition to withdraw, Attorney Frawley certifies that at the time he filed his petition in August of 2002 he had devoted in excess of 150 hours of legal service without receiving financial compensation for said services. Moreover, in the proceedings prior to this time, he had used up all monies paid to him by Dodge's parents for services provided.

Finally, Frawley estimated that he would provide between 50–75 hours of legal services to review the transcripts, write the appellate brief, and orally argue on appeal to our court. Frawley has already completed these tasks, however, we are uncertain as to the number of hours it actually took him to perform these legal services.

wealth v. Scheps, 361 Pa.Super. 566, 523 A.2d 363, 370 (1987) (where a lawyer has petitioned to withdraw and has up to that point conscientiously represented his client and not left him without time to prepare his case or to procure other counsel for such trial, petition is not made in bad faith). In fact, counsel's representation has still not ended. If Dodge requests it, Mr. Frawley must remain on the case subject to a duty to file a petition for allowance of appeal or a petition for reargument, still without payment.

¶ 6 Therefore, in the interest of justice, we direct the trial court to conduct an evidentiary hearing to determine whether or not defendant was indigent from the time counsel petitioned to withdraw and to inform the defendant of his right to employ another attorney from now throughout the appellate process if Frawley is permitted to withdraw. If the defendant was indigent at the time the petition was filed, we direct that counsel be reasonably compensated by Bradford County for all services rendered from the date the petition to withdraw was filed until the proceedings on remand are concluded in the trial court. If the indigence still continues at that point, one of two things should happen:

> (a) Mr. Frawley shall be permitted to withdraw and new counsel shall be appointed at the county's expense, taking into account Dodge's desire to be represented and not proceed *pro se;* or

> (b) Mr. Frawley shall be appointed at the county's expense to continue any representation Timothy Dodge requests throughout the Pennsylvania appellate process. This latter approach appears to be the more efficient and economical option.