COMMONWEALTH of Pennsylvania

v.

**READING GROUP TWO PROPERTIES, INC.**

**Appeal of: David Richman and Daniel Boland.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 12, 2007.

Decided May 4, 2007.

David Richman, Philadelphia, for appellants.

Christopher D. Carusone, Sr. Deputy Attorney General and Amy Zapp, Chief Deputy Attorney General, Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

David Richman and Daniel Boland (Appellants), counsel for Group Two Properties, Inc. and Frederick Snyder (Group Two), appeal from an order of the Court of

Common Pleas of Berks County (trial court) which denied Appellants' motion to withdraw as counsel for Group Two for lack of jurisdiction, as the case was and is currently on appeal to the Supreme Court. We reverse the opinion of the trial court and remand for a decision on this matter.

On December 22, 2003, the Office of Attorney General (OAG or Commonwealth) filed a criminal complaint charging Group Two and various others with violating the Solid Waste Management Act (Act), Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.1003. The complaint was due to the storage and disposal of allegedly hazardous waste at the former Reading Industrial Scrap Company site in Reading (RISCO site) and alleged two counts of unauthorized processing of hazardous waste under Section 401 of the Act, 35 P.S. § 6018.401, one count of unauthorized processing of residual waste under Section 301 of the Act, 35 P.S. § 6018.301, and two counts of unlawful conduct under Section 610 of the Act, 35 P.S. § 6018.610.

Group Two retained Pepper Hamilton, LLP (the Firm) to represent them after the OAG and the Department of Environmental Protection (DEP) executed a search warrant and found buried waste on a five-acre portion of the RISCO site which is now owned by Group Two. The Firm represented Group Two in the criminal, civil and administrative proceedings which arose due to this incident.[1]

On August 1, 2003, Brian Downey, a partner at the Firm, and Group Two executed a letter of representation setting forth the firm's engagement and a summary of applicable fees. The letter stated that "[i]f payment of any of our billings is not made within 60 days of the statement date, the Firm reserves the right to withdraw as counsel to ... Group Two ... in any pending litigation in which we are representing ... Group Two ... and you agree that ... Group Two ... will not object to any motion that the Firm files with any court to withdraw from its representation of ... Group Two ... on that ground." Letter of Representation, August 1, 2003, at 2.

Appellants represented Group Two throughout the pre-trial proceedings. Group Two paid the initial bills for service, and thereafter stopped making payments. As of April, 2004, Group Two owed the Firm $62,825.00. The Firm advised Group Two of its intention to withdraw from representing Group Two if Group Two failed to pay the amount due. Group Two did not respond or make payment to the Firm. Appellants filed a motion to withdraw on April 28, 2004.

The trial court did not rule on Appellants' motion to withdraw, so Appellants continued to represent Group Two and drafted a motion in limine to bar the Commonwealth from introducing any expert testimony or evidence regarding the results of the analyses performed by DEP on soil samples obtained from the RISCO site at trial. The trial court granted the motion in limine on April 19, 2005, and the Commonwealth thereafter filed an appeal to this court. By letter dated April 25, 2005, Appellants again notified Group Two that they intended to withdraw as counsel, due to Group Two's continued failure to pay the counsel fees owed.

On October 28, 2005, Group Two made a partial payment of $25,000.00, leaving a balance on the account of over $77,000.00. In November of 2005, Group Two notified Appellants that it wanted Appellants' continued representation and promised to pay

---

1. The Firm has been permitted to withdraw from its representation of Group Two in the administrative proceedings before the Environmental Hearing Board.

the amount owed by the end of 2005. Group Two failed to make good on this promise.

On March 27, 2006, Appellants filed a second motion to withdraw, which is the subject of this appeal to our court. On April 6, 2006, the trial court issued a rule to show cause as to why Appellants' motion to withdraw should not be granted. Group Two did not respond to the motion.

On May 31, 2006, the trial court scheduled a hearing for August 4, 2006, on Appellants' motion to withdraw and ordered Group Two to appear and show cause as to why the motion should not be granted. Group Two did not respond to the order, but did inform the trial court that it would be unavailable for the hearing.

On June 27, 2006, this court affirmed the trial court's grant of the motion in limine. The Commonwealth then petitioned the Supreme Court for review. This review petition is currently pending before the Supreme Court. During these appeals, Group Two has been represented by counsel other than Appellants. The trial court, thereafter, canceled the August 4, 2006 hearing and issued an order dated August 8, 2006, denying Appellants' motion to withdraw "because this case is currently on appeal to the Pennsylvania Supreme Court and this Court no longer has jurisdiction over the matter." Trial Court Order, August 8, 2006 at 1. Appellants, thereafter, appealed to our court. In a subsequent letter to Appellants from the trial court, the trial court allegedly explained that it was concerned that if it granted Appellants' motion, the trial could be delayed if Group Two was unable to find replacement counsel.

Appellants contend that the trial court erred in determining that it did not have jurisdiction to hear Appellants' motion for leave to withdraw as counsel based upon an appeal pending before the Supreme Court on an issue not related to the motion to withdraw. Appellants further contend that the trial court abused its discretion in failing to grant an unopposed motion for leave to withdraw as counsel where Group Two agreed at the time of Appellants' engagement not to oppose a withdrawal if Group Two failed to meet its obligation to pay for Appellants' services and Group Two did, in fact, fail to meet its payment obligations and the subject withdrawal would not have interfered with the proceedings before the trial court, as the case was on appeal to our Supreme Court.[2]

The Commonwealth requests that we quash this appeal because the denial of a motion to withdraw as counsel is not a final order and is not appealable as a collateral order pursuant to Pa. R.A.P. 313.[3]

---

**2.** As the record before us does not contain the letter from the trial court that is referred to by Appellants, we cannot address Appellants' contention that the letter reflects that the trial court would not have granted Appellants' motion to withdraw as counsel if it believed that it had jurisdiction over the matter. It is noted, however, that an attorney is permitted "to request permission to withdraw when his client deliberately disregards an agreement or obligation to his lawyer as to expenses or fees." *Commonwealth v. Roman*, 379 Pa.Super. 331, 549 A.2d 1320, 1322 (1988). The court in *Roman* determined that a client assents to a withdrawal of representation when he fails to pay counsel after he voluntarily agrees to a fee arrangement. *Id.* We also note that Appellants filed the motion to withdraw as counsel while there was a matter on appeal, thus limiting the prejudice Group Two would suffer due to the withdrawal.

**3.** We note that Appellants were not required to seek leave to appeal this order, as they are claiming that it was a "collateral" order pursuant to Pa. R.A.P. 313, not an "interlocutory" order pursuant to Pa. R.A.P. 312. Rule 312 provides that "an appeal from an interlocutory order may be taken by permission

■ First, we must review whether a denial of a motion to withdraw, although not a final order, is appealable as a collateral order pursuant to Pa. R.A.P. 313, which provides in pertinent part as follows:

(a) General rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

(b) Definition. A collateral order is an order [1] separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

The note to Pa. R.A.P. 313 provides that "[i]f an order falls under Rule 313, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in rules 341(c) and 1311 do not apply under Rule 313.[4]"

In *Commonwealth v. Wells,* 553 Pa. 424, 719 A.2d 729 (1998), our Supreme Court determined that an order denying a request to withdraw as counsel based upon an alleged conflict of interest is not an appealable order under Pa. R.A.P. 313. In *Wells,* the appellant, James Leon Wells, pled guilty to various criminal charges and, pursuant to a plea, was sentenced to serve ten to twenty years in prison. Wells did not directly appeal this sentence but, subsequently, filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. A public defender was appointed to represent him. After filing three petitions for extensions of time, the public defender filed a petition to withdraw as counsel alleging a conflict of interest

due to the fact that Wells had been represented at his plea by an attorney who worked at the public defender's office part time.

The trial court denied the public defender's petition to withdraw, as the attorney who was representing Wells at the plea was acting in his private capacity at that time. Wells appealed this decision to the Superior Court. The Superior Court quashed the appeal, finding that it was not a final order or a collateral order, pursuant to Pa. R.A.P. 313. Wells appealed to the Supreme Court.

The only issue before the Supreme Court was whether the Superior Court erred in determining that a petition to withdraw as counsel based on an alleged conflict of interest was not an immediately appealable collateral order. The Supreme Court stated in pertinent part as follows:

Rule of Appellate Procedure 313 sets forth a narrow exception to the general rule that only final orders are subject to appellate review. See *Pugar v. Greco,* 483 Pa. 68, 72, 394 A.2d 542, 544 (1978)(stating rule of finality).... This third prong requires that the matter must effectively be unreviewable on appeal from final judgment. *See Commonwealth v. Johnson,* 550 Pa. 298, 302 n. 2, 705 A.2d 830, 832 n. 2 (1998) (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). *See also Commonwealth v. Myers,* 457 Pa. 317, 320, 322 A.2d 131, 133 (1974)(order is not immediately appealable if it cannot be said "that 'denial of immediate review would render impossible any review whatsoever of [the] individual's claim'" (quoting *United*

pursuant to Chapter 13 (interlocutory appeals by permission)."

**4.** Rule 341(c) requires a party to request a final order from the trial court in order to

appeal and Rule 1311 requires a party to seek leave of court to appeal an interlocutory order.

*States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971))). *Id.* at 427, 719 A.2d at 730 (footnotes omitted).

The Supreme Court determined that the trial court's order did not satisfy the third prong and was therefore, not an immediately appealable collateral order. The Supreme Court stated in pertinent part as follows:

[Well's] claim that he is entitled to "conflict-free" PCRA counsel will not be irreparably lost if the order denying the Petition to Withdraw is not reviewed at this time. Since Appellant has a right of appeal if the PCRA court denies his petition, the order denying the Petition to Withdraw, and consequently the merits of the conflict issue, can be reviewed if or when [Wells] files an appeal from the court's PCRA decision. If it is determined that the PCRA court improperly failed to remove PCRA counsel due to a conflict of interest, any right to conflict-free PCRA counsel is not lost since the defendant may be granted a new PCRA hearing and new counsel. Thus, since [Well's] claimed right would not be irreparably lost if review of the order were postponed until final judgment, the court's order denying the Petition to Withdraw is not appealable under the collateral order doctrine.

*Wells,* 553 Pa. at 429, 719 A.2d at 731. Thus, the Supreme Court determined that the order did not qualify as an immediately appealable collateral order and affirmed the Superior Court's decision.

In the present controversy, Appellants contend that they meet the definition of an appealable collateral order pursuant to the third prong of the test in Pa. R.A.P. 313, in that their claim will be lost if review is postponed until after final judgment in this case. We agree. Unlike *Wells,* the present controversy involves an issue where the claim would be lost if not immediately reviewed.

Before our Court is the issue of failure to pay counsel fees per an agreement. This issue does not concern the rights of Group Two, but the rights of Appellants, as counsel. Again, unlike *Wells* where a new hearing could be granted along with new counsel, the present controversy involves a matter where the rights of counsel would be lost if the matter proceeded any further.

Once a final judgment is reached in the underlying action, the right of counsel to withdraw will become moot. Not only will Appellants' motion to withdraw become moot, but Appellants would be required to incur the cost of litigation to recover the unpaid fees. Appellants would also face the loss of professional opportunities while they are forced to represent the client who is not paying them and who would no longer have any incentive to honor its contract with Appellants who would still be bound to continue their representation of a party that would as a practical matter no longer be bound to pay for services during the pendency of these proceedings despite a clear obligation to do so.

Further, this is not a case where indigency or hardship is claimed; nor does Group Two claim that permitting Appellants to withdraw as its counsel will jeopardize its ability to obtain replacement counsel. In fact, Group Two already has obtained counsel other than Appellants during other appeals in this matter. Thus, we find that the denial of Appellants' motion to withdraw as counsel for Group Two is an appealable collateral order pursuant to Pa. R.A.P. 313.

■ Now, we will address the issue of jurisdiction. Appellants contend that the trial court erred in determining that it did not have jurisdiction to hear Appellants'

motion for leave to withdraw as counsel based upon an appeal pending before the Supreme Court on an issue not related to the motion to withdraw. Pa. R.A.P. 1701 provides in pertinent part as follows:

> (a) **General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> * * *
>
> ■ (c) **Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Thus, generally, after an appeal is taken, the trial court may not proceed any further in the matter. However, as is otherwise prescribed by the rule, "[w]here only a particular ... claim" is involved in the appeal, the trial court is only limited from proceeding further on that particular claim.

In the present controversy, the trial court found that it did not have jurisdiction to hear Appellants' motion for leave to withdraw as counsel due to the fact that the Commonwealth filed an appeal of the trial court's order granting Group Two's motion in limine. The grant of the motion barred the introduction of expert testimony or other evidence regarding the results of tests performed by the DEP on soil samples obtained from the RISCO site. The issue, presently on appeal to the Supreme Court, does not relate to Appellants' motion for leave to withdraw as counsel for Group Two.

As the matter on appeal to our court and subsequently the Supreme Court, was not related to Appellants' motion for leave to withdraw as counsel for Group Two, we find that the trial court erred in determining that it was without jurisdiction to hear Appellants' motion. Accordingly, we must reverse the decision of the trial court and remand for a decision on the merits of Appellants' motion to withdraw in accordance with this opinion.

### ORDER

AND NOW, this 4th day of May, 2007, the order of the Court of Common Pleas of Berks County dated August 8, 2006, in the above-captioned matter is reversed and the matter is remanded for a decision on the motion to withdraw.

Jurisdiction is relinquished.