Arthur GEROLD

v.

Barbara VEHLING, Susan Hewitt, James Hewitt.

Appeal of: Susan Hewitt and James Hewitt.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2014.

Decided April 11, 2014.

Susan Hewitt, pro se.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Susan Hewitt (Hewitt), *pro se,* appeals from an order of the Court of Common Pleas of Bucks County (trial court) granting Maris C. Langford, Esquire, (Attorney Langford) leave to withdraw as Hewitt's counsel from the underlying replevin action.[1] For the reasons that follow, we affirm.

---

1. While the caption refers to both Susan Hewitt and James Hewitt, the trial court's order

Arthur Gerold (Gerold), Hewitt's father, filed the replevin action in 2006 in response to a family dispute over property following the death of his wife and Hewitt's mother, Marilyn Gerold. The parties ultimately executed a written settlement agreement on May 15, 2008, which was made into an order of the court on June 3, 2009. In February 2010, Attorney Langford entered her appearance on behalf of Hewitt by filing a Petition to Enforce Written Settlement Agreement. On April 23, 2010, the parties entered into an agreement whereby Gerold withdrew his action in replevin and agreed to follow the terms of the May 15, 2008 settlement agreement. As a result of the April 23, 2010 agreement, the case became inactive and the trial court granted Gerold's counsel leave to withdraw. No further action was taken by any party in the case until Attorney Langford filed a Petition for Leave to Withdraw as Counsel for Hewitt in January 2013. In her Petition, Attorney Langford cited the following reasons for her desire to withdraw: (1) Hewitt's insistence that she withdraw; (2) Hewitt's failure to pay the balance due on statement for services dated April 23, 2010; and (3) Hewitt's demands that were beyond the scope of her representation.

In April 2013, Hewitt filed a motion opposing Attorney Langford's Petition for Leave to Withdraw as Counsel in which she stated: "The Complaint I paid for was never heard, I believe I was the Plaintiff. Lawsuit attached." Attached to the motion was the Petition to Enforce Written Settlement Agreement filed by Attorney Langford. On April 16, 2013, the trial court granted Attorney Langford leave to withdraw as Hewitt's counsel. In its subsequent opinion, the trial court explained:

It is apparent from the case history why this Court entered its Order permitting counsel to withdraw her appearance. Both the replevin case and the Petition to Enforce Written Settlement were concluded by entry of the agreement made April 23, 2010. As such, Attorney Langford's withdraw[al] would not have material adverse effects on [Hewitt]. Additionally, as of January 18, 2013, [Hewitt] had failed to pay the balance due on statement for services dated April 23, 2010.

Further, we note that as a general matter an Order which permits counsel to withdraw their appearance does not constitute a final Order from which an appeal properly may be taken. Pa. R.A.P. 341.

(Trial Court's August 9, 2013 Opinion at 2–3). This appeal by Hewitt followed in which she makes various allegations relating to Attorney Langford's representation and handling of the disputed property in the replevin case.

■■■■ Initially, we must determine whether we have jurisdiction over Hewitt's appeal. As a general rule, an appellate court's jurisdiction extends only to review of final orders. *Rae v. Pennsylvania Funeral Directors Association*, 602 Pa. 65, 71, 977 A.2d 1121, 1124–25 (2009); Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 341.[2] The Official Note to Pa. R.A.P. 341 provides, in relevant part:

only granted Attorney Langford leave to withdraw as Susan Hewitt's counsel. Susan Hewitt is the only party before us.

2. Pa. R.A.P. 341 provides, in relevant part:
   (a) *General Rule.*—Except as prescribed in subdivision (d) and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
   (b) *Definition of Final Order.*—A final order is any order that:
   (1) disposes of all claims and of all parties; or

The following is a partial list of orders that are no longer appealable as final orders pursuant to Rule 341 but which, in an appropriate case, might fall under Rules 312 (Interlocutory Appeals by Permission) or 313 (Collateral Orders) of this Chapter.

\* \* \*

(6) an order requiring the withdrawal of counsel.

Hewitt contends that the trial court's order is an appealable collateral order under Pa. R.A.P. 313, which provides:

(a) *General Rule.* An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

(b) *Definition.* A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

■ Under this rule, an order is an appealable collateral order if it is "(1) separable from and collateral to the main cause of action, (2) implicates rights which are too important to be denied review, and (3) the appellant's claim as to that order will be lost if postponed until final judgment." *Rae,* 602 Pa. at 69–70, 977 A.2d at 1124 (2009). As an exception to the rule of finality, the collateral order doctrine is to be interpreted narrowly, and each prong of the doctrine must be clearly present before an order may be considered collateral. *Brophy v. Philadelphia Gas Works and Philadelphia Facilities Management Corp.,* 921 A.2d 80, 87 (Pa.Cmwlth.2007).

(2) is expressly defined as a final order by statute; or

■ We agree with Hewitt that the trial court's order is collateral. The order is separable from and collateral to the substantive issues in the underlying replevin case and implicates a right that is too important to be denied review. As to the third prong, Hewitt's objection to her counsel's withdrawal would clearly be lost if she is forced to wait until a final judgment is entered in her case. The "third prong requires that the matter must effectively be unreviewable on appeal from final judgment." *Commonwealth v. Reading Group Two Properties, Inc.,* 922 A.2d 1029, 1032 (Pa.Cmwlth.2007) (quoting *Commonwealth v. Wells,* 553 Pa. 424, 427, 719 A.2d 729, 730 (1998)).

In *Reading,* we addressed whether a petition to withdraw in a criminal case was an appealable collateral order, albeit where counsel's motion to withdraw was denied. We reasoned:

Once a final judgment is reached in the underlying action, the right of counsel to withdraw will become moot. Not only will Appellants' motion to withdraw become moot, but Appellants would be required to incur the cost of litigation to recover the unpaid fees. Appellants would also face the loss of professional opportunities while they are forced to represent the client who is not paying them and who would no longer have any incentive to honor its contract with Appellants who would still be bound to continue their representation of a party that would as a practical matter no longer be bound to pay for services during the pendency of these proceedings despite a clear obligation to do so.

922 A.2d at 1033. *See also, Woolard v. Burton,* 345 Pa.Super. 366, 498 A.2d 445, 448 (1985) (holding that trial court's grant of plaintiff's petition to have attorney with-

(3) is entered as a final order pursuant to subsection (c) of this rule.

draw as counsel in personal injury case was "ripe for review" because underlying litigation, "for all 'practical purposes', had come to an end").

In this case, a similar result would occur if we held that the trial court's order is not reviewable, because if Attorney Langford is permitted to withdraw, Hewitt retains new counsel and a final judgment is ultimately reached, Hewitt's claims regarding Attorney Langford's withdrawal will be moot because the result will have no effect on the outcome of that case.[3] Because the trial court's order is a collateral order, we will address the merits of Hewitt's appeal.

■■ Rule 1.16(b)(1) of the Pennsylvania Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client if ... withdrawal can be accomplished without material adverse effect on the interests of the client." Moreover, Rule 1.16, Comment 8, provides that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Pa. R.Prof'l Conduct 1.16, Comment 8. Ordinarily, the question of whether an attorney should be permitted to withdraw an appearance is within the discretion of the trial court, and the decision of the trial court will be reversed only when plain error is committed. *C.E. Williams Co. v. Henry B. Pancoast Co.*, 412 Pa. 166, 170, 194 A.2d 189, 191 (1963).

Here, the trial court specifically found that Attorney Langford's withdrawal would not have material adverse effects on Hewitt and that Hewitt failed to pay the balance due to Attorney Langford. Therefore, we find no error or abuse of discretion by the trial court in granting Attorney Langford's Petition for Leave to Withdraw as Counsel.

Accordingly, the trial court's order is affirmed.

### *ORDER*

AND NOW, this *11th* day of *April*, 2014, the order of the Court of Common Pleas of Bucks County, dated April 16, 2013, at No. 2006–09091, is affirmed.

---

**3.** An illustration of where an order denying a request to withdraw was not considered a collateral order is *Commonwealth v. Wells*, 553 Pa. 424, 719 A.2d 729 (1998). In that case, our Supreme Court held that an order denying a request to withdraw due to an alleged conflict of interest is not an appealable order under Pa. R.A.P. 313. The Supreme Court determined that the trial court's order did not satisfy the third prong and was, therefore, not an immediately appealable collateral order because if the trial court erred in refusing to remove counsel due to a conflict of interest, any right to conflict-free Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, counsel is not lost since the defendant may be granted a new PCRA hearing and new counsel.