J-S14036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEON L. IVERSON, | : | |
| | : | |
| Appellant | : | No. 671 MDA 2016 |

Appeal from the PCRA Order March 29, 2016
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0001012-2012,
CP-38-CR-0001016-2012, CP-38-CR-0001018-2012

BEFORE:   GANTMAN, P.J., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MAY 16, 2017**

Leon L. Iverson (Appellant) appeals *pro se* from the order entered on March 27, 2016, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We remand for proceedings consistent with this memorandum.

In April of 2012, Appellant was charged at three separate docket numbers with two counts of possession with intent to deliver a controlled substance, one count of possession with intent to deliver a non-controlled substance, and two counts of criminal use of a communication facility. Following a jury trial, Appellant was convicted of the aforementioned crimes, and on January 24, 2013, he was sentenced to an aggregate term of four to ten years of incarceration.

_____
*Retired Senior Judge assigned to the Superior Court.

On March 19, 2014, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Iverson**, 100 A.3d 313 (Pa. Super. 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 25, 2015, Appellant timely filed a *pro se* PCRA petition, which is the subject of this appeal. Attorney Ian M. Ehrgood was appointed to represent Appellant, and soon thereafter, an amended petition was filed. On March 21, 2016, a hearing was held, after which the trial court issued an order denying Appellant's petition. Counsel filed timely a notice of appeal on Appellant's behalf. On May 18, 2016, Appellant's counsel complied with the PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925. Simultaneously, PCRA counsel filed a motion to withdraw as counsel and a no-merit letter, pursuant to **Commonwealth v. Turner**, 544 A.2d. 927 (Pa. 1988) (*en banc*) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). The PCRA court granted counsel's petition.

Before considering the merits of Appellant's issues, we address whether Appellant is properly proceeding *pro se*. As indicated *supra*, the trial court ordered counsel's withdrawal while the case was pending in this Court.

However, pursuant to Pa.R.A.P. 1701, "[e]xcept as otherwise prescribed by these rules, after an appeal is taken … the trial court or other

government unit may no longer proceed further in the matter." ***See Commonwealth v. Bishop***, 829 A.2d 1170 (Pa. Super. 2003) (holding the PCRA court lacked jurisdiction to entertain issues concerning bail when the Commonwealth's appeal, taken from this Court's grant of a new trial for Appellant, was pending before our Supreme Court). Thus, once the notice of appeal was filed, the PCRA court was without authority to rule upon counsel's motion.[1] If Attorney Ehrgood wished to withdraw as counsel, his motion and ***Turner/Finley*** letter should have been presented to this Court for review.

Because the PCRA court lacked jurisdiction to entertain PCRA counsel's motion, the court's May 18, 2016 order, permitting Attorney Ehrgood to withdraw is a legal nullity. Thus, we decline to address the merits of the

---

[1] We are cognizant of a Commonwealth Court opinion which, upon reviewing Pa.R.A.P. 1701, reached the opposite result. ***See Commonwealth v. Reading Grp. Two Properties, Inc.***, 922 A.2d 1029, 1034 (Pa. Cmwlth. 2007). We are not bound by this decision, and in any event we do not find it persuasive in the context of the instant case. In ***Reading***, the trial court's motion-in-*limine* order was pending on appeal before our Supreme Court when counsel requested to withdraw. The trial court denied this motion, citing lack of jurisdiction. On appeal, the Commonwealth Court determined that the trial court was able to exercise jurisdiction over counsel's motion, as it was ancillary to the issue pending on appeal. Unlike this case, in which the PCRA court's denial of Appellant's petition and Appellant's subsequent appeal concluded the case in the court below, the case in ***Reading*** was still ongoing. Similarly, in ***Bishop***, ***supra***, the case was over in the trial court when that court attempted to deal with the bail issue, and this Court held that the trial court no longer had jurisdiction. We find this distinction significant in our determination that the PCRA court erred in ruling upon Attorney Ehrgood's motion.

issues now raised on appeal due to counsel's deemed continued representation of Appellant, who is now actually proceeding *pro se.* We direct the prothonotary to furnish a copy of this memorandum to Attorney Ehrgood and enter a new briefing schedule, in accordance with which Appellant's counsel may file either an advocate's brief or a petition to withdraw and **Turner/Finley** no-merit letter with this Court addressing the issues Appellant wishes to raise on appeal.

Case remanded with instructions. Panel jurisdiction retained.