# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Dovin and Jean Dovin  :
                         :
         v.              :    No. 464 C.D. 2019
                         :    Submitted: October 18, 2019
Kenneth L. and Kay W. Sweitzer,  :
Caernarvon Township, and Hopewell  :
Christian Fellowship of Elverson  :
                         :
Appeal of: MacElree Harvey, Ltd.,  :
J. Charles Gerbron, Jr., Esquire,  :
Lindsay A. Dunn, Esquire,  :
Brian J. Forgue, Esquire and  :
Matthew M. McKeon, Esquire  :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: May 13, 2020**

MacElree Harvey, Ltd., J. Charles Gerbron, Jr., Esquire (Attorney Gerbron), Lindsay A. Dunn, Esquire, Brian J. Forgue, Esquire, and Matthew M. McKeon, Esquire (collectively, Appellants) appeal from an order of the Court of Common Pleas of Berks County (trial court), dated March 8, 2019, which denied Appellants' petition for leave to withdraw as counsel (Petition to Withdraw). In their Petition to Withdraw, Appellants sought to withdraw as counsel for Paul and Jean Dovin (Dovins) based on the Dovins' failure to pay their legal fees. For the reasons set forth below, we affirm the trial court's order.

On October 7, 2014, the Dovins retained Appellants to represent them in a litigation matter against Kenneth L. and Kay W. Sweitzer, Hopewell Christian Fellowship of Elverson (Defendant Hopewell), and Caernarvon Township (collectively, Defendants) for alleged damage to the Dovins' real property from stormwater runoff. (Reproduced Record (R.R.) at 13a, 25a, 36a, 40a, 85a-87a.) On January 25, 2019, after almost four years of representation and the initiation and pursuance of the underlying action against Defendants, Appellants filed their Petition to Withdraw, alleging that: (1) the Dovins owed Appellants $103,646.13 for legal services rendered as of December 31, 2018; (2) Appellants had informed the Dovins on multiple occasions, in writing, that if the Dovins did not pay their unpaid balance or make "significant payments against the [unpaid] balance," Appellants would be forced to petition the trial court for leave to withdraw as counsel; (3) Appellants' continued representation of the Dovins in this matter would place an unreasonable financial burden on Appellants; and (4) Appellants' withdrawal would not have a material adverse effect on the Dovins' interest because the Dovins would have ample time to retain new counsel before trial. (*Id.* at 11a-17a.) The Dovins filed an answer in opposition to Appellants' Petition to Withdraw, alleging, *inter alia*, that they have already paid Appellants in excess of $99,700 in fees for this matter, including a lump sum payment of $50,000 on July 12, 2018, and have been making regular monthly payments of $1,000 on their outstanding balance. (*Id.* at 24a-29a.) Defendant Hopewell also filed an answer in opposition to Appellants' Petition to Withdraw, alleging that Appellants' withdrawal would cause prejudice to Defendant Hopewell due to the inevitable delay in the proceedings that would ensue while the Dovins sought new representation and that such prejudice would outweigh Appellants' financial concerns. (*Id.* at 19a-23a.)

The trial court heard argument/took testimony on Appellants' Petition to Withdraw on March 8, 2019.[1]  At that time, Jean Dovin and her daughter, Debra Dovin, made the following representations to the trial court in opposition to Appellants' Petition to Withdraw.  The Dovins have paid Appellants in excess of $100,000 in connection with this matter.  (*Id.* at 34a-36a.)  It would be impossible for the Dovins to acquire new counsel to represent them going forward, because they do not have enough money to pay a retainer to a new attorney.  (*Id.* at 36a, 41a.)  The Dovins made a $50,000 lump sum payment on their outstanding bill to Appellants in July 2018.  (*Id.* at 38a-40a.)  Since that time, the Dovins have also paid Appellants $1,000 each month toward their outstanding balance in good faith.  (*Id.* at 39a-40a.)

Attorney Gerbron also made representations to the trial court.  Attorney Gerbron indicated that, while "[i]t is certainly true that the Dovins have paid [Appellants] a lot of money," due to the approximately $100,000 that remains outstanding, the continued representation of the Dovins in this matter would be a hardship for Appellants.  (*Id.* at 42a-43a.)  Attorney Gerbron further indicated that, given the pending appeal and the trial court's prior decision to stay all case management deadlines following such appeal, he did not believe that trial was imminent.  (*Id.* at 43a.)  When questioned by the trial court about any notice that Appellants may have provided to the Dovins regarding their intent to withdraw, Attorney Gerbron explained that he and the Dovins have "had an ongoing discussion now, for over a year."  (*Id.* at 45a.)  Attorney Gerbron referenced a May 22, 2018

---

[1] The trial court did not swear in any witnesses or enter any exhibits into the record at the time of the March 8, 2019 proceeding.  Rather, it appears that the trial court had an on-the-record discussion with the parties regarding Appellants' Petition to Withdraw and the opposition thereto.  The trial court has nevertheless indicated in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion that it heard testimony and argument on Appellants' Petition to Withdraw at the time of the March 8, 2019 proceeding.

letter, wherein he proposed a payment plan to the Dovins—a $50,000 lump sum payment by July 1, 2018, and then $5,000 monthly payments thereafter. (*Id.* at 45a-46a.) Attorney Gerbron admitted that the Dovins have made payments of $1,000 each month since July 2018, but suggested that, given the Dovins' age and anticipated legal fees going forward, the Dovins should make "more substantial" monthly payments. (*Id.* at 46a.)

By order dated March 8, 2019, the trial court denied Appellants' Petition to Withdraw. Appellants appealed the trial court's decision to this Court, and the trial court directed Appellants to file a statement of errors complained of on appeal pursuant to Rule 1925. In its Rule 1925(a) opinion, the trial court concluded that "[a]fter five years, the parties have now reached a critical point in this litigation" and "[i]t would have been prejudicial to both [the Dovins] and [D]efendants to have allowed [Appellants] to withdraw at this time." (Trial Ct. Op. at 10.)

On appeal to this Court,[2] Appellants argue that the trial court abused its discretion and committed plain error by denying their Petition to Withdraw.[3] Appellants argue that the trial court abused its discretion and committed plain error

---

[2] The question of whether an attorney should be granted leave to withdraw as counsel is within the sound discretion of the trial court, and a trial court's decision on this issue will only be reversed when the trial court has committed plain error or abused its discretion. *Hernandez v. Japort*, 205 A.2d 867, 869 (Pa. 1965); *Gerold v. Vehling*, 89 A.3d 767, 771 (Pa. Cmwlth. 2014).

[3] By order dated May 14, 2019, this Court ordered the parties to address the appealability of the trial court's order as a collateral order in their principal briefs on the merits. We are now satisfied that the trial court's order denying Appellants' Petition to Withdraw constitutes an immediately appealable collateral order. *See* Pa. R.A.P. 313; *Cmwlth. v. Reading Grp. Two Props., Inc.*, 922 A.2d 1029 (Pa. Cmwlth. 2007); *Cmwlth. v. Magee*, 177 A.3d 315 (Pa. Super. 2017). We note that, although not binding on this Court, Pennsylvania Superior Court decisions may be cited for their persuasive value when they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

by denying their Petition to Withdraw because the undisputed evidence of record establishes that the Dovins failed to compensate Appellants for their legal services, Appellants provided the Dovins with adequate and advanced notice of their intention to withdraw, and Appellants' withdrawal from the case would not delay trial. Appellants further contend that the trial court's purported justifications for its denial of Appellants' Petition to Withdraw are not supported by the record, are based on irrelevant and improper considerations, and/or are not legally supportable.

In response, the Dovins argue that the trial court properly exercised its discretion in denying Appellants' Petition to Withdraw, because the evidence of record establishes that: (1) the Dovins have substantially compensated Appellants for legal services rendered—*i.e.*, they have paid Appellants over $100,000 throughout the course of this litigation, including a lump sum of $50,000 on July 12, 2018, and they continue to pay Appellants $1,000 each month; (2) Appellants did not provide the Dovins with adequate notice of their intention to withdraw, given that, after more than four years of litigation, the Dovins have depleted their financial resources and would be unable to obtain new counsel if Appellants were permitted to withdraw at this late juncture; and (3) Appellants' withdrawal from the case at this time would delay trial, given that, at the time that Appellants filed their Petition to Withdraw, the parties were preparing to file summary judgment motions.

A lawyer may withdraw if his "withdrawal can be accomplished without material adverse effect on the interests of the client." Pa. R. Prof'l Conduct 1.16(b)(1). A lawyer may also withdraw his representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless

5

the obligation is fulfilled" and/or if "the representation will result in an unreasonable financial burden on the lawyer." Pa. R. Prof'l Conduct 1.16(b)(5)-(6). "No brightline rules exist to determine whether a trial court has abused its discretion in [granting or] denying a [p]etition to [w]ithdraw as counsel." *Cmwlth. v. Sweeney*, 533 A.2d 473, 481 (Pa. Super. 1987) (reviewing trial court's denial of lawyer's petition to withdraw as counsel from representation in criminal appeal when consideration of both criminal defendant's right to counsel and lawyer's right to be compensated for his services is necessary). Rather, an appellate court must perform a case-by-case analysis paying particular attention to the reasons given by the trial court in support of its decision to grant or deny the petition to withdraw. *Id.* As a result, Pennsylvania appellate courts reviewing a trial court's decision to grant or deny a lawyer's petition for leave to withdraw as counsel based on a client's nonpayment of fees have reached varying conclusions regarding whether the trial court committed plain error or abused its discretion.

In *Gerold*, this Court concluded that the trial court did not commit plain error or abuse its discretion by granting the lawyer's petition for leave to withdraw as counsel, because the trial court found that the lawyer's withdrawal would not have any material adverse effects on the client and the client failed to pay the balance due to the lawyer. *Gerold*, 89 A.3d at 771. In *Phoenix Mutual Life Insurance Co. v. Radcliffe on the Delaware, Inc.*, 266 A.2d 698 (Pa. 1970) (*Phoenix*), our Supreme Court concluded that the trial court did not commit plain error by granting the law firm's petition for leave to withdraw as counsel in a mortgage foreclosure action, because the law firm had not received payment for past services or a retainer for future services and, at the time that the law firm filed its petition to withdraw, the case had not yet been placed on the trial list. *Phoenix*, 266 A.2d at 699-700. In

6

*Magee*, the Superior Court held that the trial court did not abuse its discretion in denying the lawyer's motion to withdraw as criminal defense counsel because, while both the Superior Court and the trial court were sympathetic to the lawyer's financial concerns regarding the client's inability to pay for additional services, including trial representation, the lawyer waited until just two weeks before trial to notify the parties and the trial court about his concerns over the nonpayment of his fees. *Magee*, 177 A.3d at 325-26. In reaching this conclusion, however, the Superior Court noted that, "[o]n these facts, the trial court was not required to deny [the lawyer's] request to withdraw, but it also was not required to grant it." *Id.* at 326.

In this case, the trial court set forth a rather detailed justification for its decision:

> [The Dovins] are paying their counsel fees monthly[.] . . . Both [the Dovins] and [Appellants] agree that [the Dovins] do not have sufficient funds for a retainer to hire another attorney at this time. Thus, [the Dovins] would have been prejudiced if this [trial] court had allowed [Appellants] to withdraw at this time.
>
> [Appellants] obtained a very large lump sum payment of $50,000.00 from [the Dovins] in July 2018. This is nearly four years into the approximately five years of ongoing litigation; instead of applying that payment to the purpose of their litigation, [Appellants] apparently convinced [the Dovins] to file an appeal to the Commonwealth Court less than thirty days after [Appellants'] receipt of the $50,000.00. Six months later, just eight days after the Commonwealth Court quashed their interlocutory appeal on January 17, 2019, [Appellants] were apparently no longer satisfied with that $50,000.00 lump sum payment and the monthly payments. [Appellants] then filed [their P]etition to [W]ithdraw on January 25, 2019.
>
> This [trial] court cannot agree with any of the three reasons raised in [Appellants'] Concise Statement of Errors Complained of on Appeal. Each will be addressed

7

seriatim. First, it appears that [the Dovins] have compensated [Appellants] for legal services as they agreed. If it were not for fees getting way out of hand with the flourish of [the Dovins'] collateral litigation, the amount of unpaid attorney [sic] fees would not be an issue. The testimony [of the Dovins' daughter] shows that [the Dovins] "have been paying in good faith and when we hired [Attorney Gerbron], we entrusted him to take the case to the end." Further [the Dovins'] daughter testified, "Recently, when [Appellants] were pressuring us to, you know, we've got to get a big lump sum in. So we gave them $50,000.00." Thus, when [Appellants] demanded an immediate payment of $50,000.00, it is obvious that [the Dovins] complied within sixty days, which is certainly in a timely manner. When pressured to make a bigger payment, they matched, in this single payment, the entire amount they had paid in the previous four years combined!

Obviously, [Appellants were] satisfied since they did not dispute this payment history, did nothing further to withdraw as counsel in the rest of 2018, and continued accepting $1,000.00 payments. It was only in 2019, eight days after the appeal was quashed by the Commonwealth Court, that [Appellants] filed, for the first time, a petition to withdraw as counsel. [Attorney Gerbron] testified, "It is certainly true that the Dovins have paid a lot of money in this lawsuit. It has been—like you said, we're almost on five years now. So it's been going on for quite a long time."

Secondly, after demanding and then receiving a very large lump sum of $50,000.00 and then regular, continuous payments of $1,000.00 per month, [Appellants] cannot then file a petition to withdraw without first notifying [the Dovins] that an additional amount of money per month and/or another lump sum payment must now be paid and, of course, giving them reasonable (perhaps sixty days) time to do so. Thus, this [trial] court finds that [Appellants] did not provide adequate[,] reasonable notice of any additional nonpayment or noncompliance by [the Dovins].

Finally, [Appellants] allege[] in [their] third error that the withdrawal will not delay trial, but that is not the case. In fact, all discovery and pleadings are concluded

8

since [D]efendants have filed their motions for summary judgment, and there is no record of any statement that any discovery is still outstanding. Thus, the case is now ripe for conclusion by resolution of the dispositive motions or, if not, trial immediately scheduled thereafter. But as stated, the first appeal (the interlocutory motion for a discovery protective order) has thus far delayed the progress by nearly one year, and now this current appeal by [Appellants] to withdraw as counsel has added to the delay, which could delay the proceedings for up to another year. Perhaps, [Appellants'] statement that harmful delay will not occur is because these filed appeals have slammed the brakes on the progression of this case.

This court must question the wisdom of Appellants advising [the Dovins] to appeal an interlocutory discovery motion. [The Dovins] are elderly people, and Paul Dovin's health is not good. [The Dovins] previously petitioned for a protective order to relieve Paul Dovin from having to testify during a deposition because Mr. Dovin's weak heart condition puts his life at risk in stressful situations. This [trial] court granted the protective order in April 2018 after hearing the extensive testimony of Paul Dovin's poor health as told by his treating cardiologist. Further, according to the notes of testimony, . . . Jean Dovin[] presented a doctor's excuse for her husband's heart problems as the reason he could not be present for the March 8, 2019 hearing to oppose the [Petition to Withdraw].

This [trial] court believes that [Appellants'] fees devoted to this case after the letter of May 2018 were incurred exclusively to pursue a meritless appeal and the docket entries agree. Almost half of the entire nine pages of the total case docket entries is generated by court filings concerning the appeals. Page 5 deals with the protective order excusing . . . Paul Dovin from being deposed (litigation time period of March to May 2018). That was immediately followed by a second protective order filed July 16, 2018 to protect [the Dovins] from having the barn and residence on the farm examined as part of [D]efendants' expert's appraisal of the damage suffered (the subject of the first appeal). This [trial] court denied the motion for a protective order four weeks later on

9

August 14, 2018, and [the Dovins] filed an appeal to the Commonwealth Court on August 23, 2018. All docket entries thereafter are generated in furtherance of the appeal.

Thus, [Appellants] did not seem to worry about generating more fees by filing the appeals. Instead of prioritizing attorney fees, [Appellants] appealed an interlocutory order first to the Commonwealth Court and now to the Pennsylvania Supreme Court. The two appeals must have significantly increased attorney [sic] fees.

(Trial Ct. Op. at 6-10 (record citations omitted) (heading omitted).)

While the Dovins may not have paid Appellants the full amount of their outstanding balance and the matter may not have procedurally been on the "immediate eve" of trial, these facts are not dispositive. Upon review of the extensive reasoning of the trial court in support of its decision, we cannot conclude that the trial court abused its discretion and/or committed plain error by denying Appellants' Petition to Withdraw.

Accordingly, we affirm the trial court's order.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Paul Dovin and Jean Dovin | : | |
| | : | |
| v. | : | No. 464 C.D. 2019 |
| | : | |
| Kenneth L. and Kay W. Sweitzer, | : | |
| Caernarvon Township, and Hopewell | : | |
| Christian Fellowship of Elverson | : | |
| | : | |
| Appeal of: MacElree Harvey, Ltd., | : | |
| J.Charles Gerbron, Jr., Esquire, | : | |
| Lindsay A. Dunn, Esquire, | : | |
| Brian J. Forgue, Esquire and | : | |
| Matthew M. McKeon, Esquire | : | |

# **O R D E R**

AND NOW, this 13th day of May, 2020, the order of the Court of Common Pleas of Berks County is hereby AFFIRMED.

P. KEVIN BROBSON, Judge