580 A.2d 386

**COMMONWEALTH of Pennsylvania**

v.

**Michael KEYS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 1990.

Filed Sept. 28, 1990.

---

454

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before KELLY, POPOVICH and CERCONE, JJ.

KELLY, Judge:

In this case, we hold that when counsel of record fails to formally and properly withdraw as counsel after sentence but before the expiration of the time for filing of notice of appeal, yet counsel nonetheless ceases active representation, then quashal of an appeal as the result of a defect in a *pro se* notice of appeal will be deemed the procedural default of counsel of record. Such was the case here; consequently, we grant appellant the right to appeal *nunc pro tunc.*

The relevant facts and procedural history may be summarized as follows. Appellant was charged, tried and convicted of murder, conspiracy and various weapons offenses. Appellant was actively represented by privately retained counsel through sentencing. After sentencing and before the time expired for filing notice of appeal, counsel informed appellant that he would no longer represent appellant. However, counsel neither sought nor received leave to court to withdraw as counsel of record.

Appellant attempted to perfect a direct appeal by filing a timely *pro se* notice of appeal. Unfortunately, the notice contained incorrect bill of information numbers. A panel of this Court exercised its discretion to quash appellant's *pro se* direct appeal on the basis of that defect. *See Commonwealth v. Keys,* 313 Pa.Super. 410, 460 A.2d 253 (1983). *But see Commonwealth v. Brown,* 264 Pa.Super. 127, 127 n. 1, 399 A.2d 699, 699 n. 1 (1979) (this Court may treat such an error as merely typographical and decline to quash on the basis of such a defect).

 Under Pa.R.Crim.P. 302(b):

Rule 302. Attorneys–Appearances and Withdrawals

(b) Counsel for a defendant may not withdraw his appearance except by leave of court. Such leave shall be granted only upon motion made and served on the attorney for the Commonwealth and the client, unless the interests of justice otherwise require.

The Official Comment to the rule further explains, "Representation as used in this rule is intended to cover court appearances or the filing of formal applications." Pa.R. C.P. 302, comment. Careful review of the record reveals that private counsel received no leave of court to withdraw as counsel of record after sentencing.

The importance of the express requirement of formal allowance of withdrawal is well illustrated here. By informally withdrawing, counsel left appellant to seek new private counsel, assignment of court appointed counsel, or to pursue direct appeal *pro se* during the critical 30 day period during which appellant was required to perfect or waive a direct appeal. Had counsel sought allowance of the court to formally withdraw as counsel, the trial court could have taken steps necessary to prevent the procedural default which occurred in this case by having counsel file notice of appeal before withdrawing, by assigning court appointed counsel, or by ensuring that appellant's notice of appeal would be effectual.

We in no way suggest that counsel was required to continue as counsel in this matter in perpetuity. For a variety of reasons, from ethical reasons to financial concerns, counsel properly may seek to withdraw from representing a client. *See e.g. Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) (withdrawal on frivolity grounds); *Commonwealth v. Roman*, 379 Pa.Super. 331, 333–37, 549 A.2d 1320, 1320–23 (1988) (withdrawal based on non-payment of agreed fees). *Regardless of the legitimacy of counsel's grounds for withdrawal as counsel, formal leave of court is nonetheless clearly and unequivocally required before counsel may be deemed to have withdrawn as counsel.* Pa.R.Crim.P. 302(b).[1] We find, there-

---

1. We note that this is not a case where an appellant waived right to counsel and elected to proceed *pro se;* rather, our abandoned appellant proceeded *pro se* of necessity. *Compare Commonwealth v. Davis*, 393 Pa.Super. 88, 101, 573 A.2d 1101, 1105–08 & nn. 5–7 (1990) (appellant *knowingly* waived direct appeal after electing self-representation at trial).

fore, that the procedural default must be deemed to be that of prior counsel, rather than that of appellant.

In *Commonwealth v. Quier*, 366 Pa.Super. 275, 279–82, 531 A.2d 8, 10–11 (1987), this Court held that when counsel's procedural default denies a defendant the right to a direct appeal, the appropriate remedy is to grant allowance of appeal *nunc pro tunc*. Similar reasoning was employed to permit post-verdict motions *nunc pro tunc* in *Commonwealth v. Ciotto*, 382 Pa.Super. 458, 461, 555 A.2d 930, 931 (1989). *See also Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982) (*en banc*).

We conclude that appellant, here, was denied his right to a direct appeal by prior counsel's procedural default. Consequently, we reverse the order of the trial court, reinstate appellant's right to a direct current appeal *nunc pro tunc*, *and* direct counsel to file a proper notice of appeal within 30 days of the filing of this opinion.[2]

Order Reversed. Appellant's right to a direct appeal Reinstated.

---

2. Since appellant's direct appellate rights are being reinstated *nunc pro tunc*, the remainder of the issues raised in this appeal are rendered moot. *See Commonwealth v. Miranda, supra*, 442 A.2d at 1140.