**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ellis A. QUALLS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 16, 2001.

Filed Oct. 23, 2001.

**1008**

William J. Hathaway, Erie, for appellant.

Bradley H. Foulk, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before: EAKIN, JOYCE, and KELLY, JJ.

KELLY, J.:

¶ 1 Appellant, Ellis A. Qualls, asks us to determine whether the trial court erred in denying his request to reinstate his direct appeal rights *nunc pro tunc*, when it denied his first petition pursuant to the Post Conviction Relief Act (PCRA), at 42 Pa. C.S.A. §§ 9541–9546. Specifically, Appellant inquires whether his plea counsel rendered ineffective assistance of counsel when he informally withdrew representation after sentencing, but before the expiration of the time for seeking direct review, and failed to file a requested direct appeal. We hold that counsel's failure to file a proper notice of appeal under the circumstances of this case constitutes a procedural default of counsel of record, because counsel's inaction cost Appellant his right to a direct appeal. Accordingly, we reverse the order of the PCRA court, reinstate Appellant's direct appeal rights, and remand with instructions.

¶ 2 On October 29, 1999, Appellant pled guilty to one count of delivering a controlled substance (35 P.S. § 780–113(a)(30)) (at Trial Court Docket No. 2228), and one count each of delivering a controlled substance (35 P.S. § 780–113(a)(30)) and criminal conspiracy (18 Pa. C.S.A. § 903) (at Trial Court Docket No. 2455). On February 1, 2000, the court sentenced Appellant to an aggregate term of imprisonment of 44 to 88 months. Throughout the plea and sentencing process, Appellant had the benefit of privately retained counsel, who unsuccessfully sought reconsideration of Appellant's sentence, but did not file a direct appeal.

¶ 3 On August 7, 2000, Appellant filed a timely PCRA petition, contending that plea counsel failed to file a direct appeal challenging his sentence, despite Appellant's explicit request. The PCRA court appointed counsel to represent Appellant in his petition and conducted an evidentiary hearing.

¶ 4 At the PCRA hearing, Appellant's plea counsel admitted that Appellant "definitely" wanted him to file a direct appeal. (N.T. PCRA Hearing, 11/3/00, at 31). Counsel testified that he had disregarded Appellant's request, because Appellant had retained him for representation only through the motion to modify or reconsider the sentence. (*Id.*) Counsel testified further that he had explained to Appellant that he would only file the appeal if Appellant paid an additional fee to retain him as counsel for the appeal. Otherwise, Appellant would have to obtain appellate representation through the public defenders' association. (*Id.* at 29–31).

¶ 5 The PCRA court concluded that counsel's recommendation to Appellant to contact the public defenders' association fully discharged any duty counsel owed to his client. The court further reasoned that Appellant's failure to rehire plea counsel for the appeal and pay the additional fee constituted a waiver of Appellant's direct appeal rights. The court stated that Appellant's failure to "rehire" plea counsel as appellate counsel precluded a finding that Appellant had, in fact, "requested" an appeal. (*See* Trial Court Opinion, dated December 12, 2000, at 3). Accordingly, the PCRA court denied Appellant's petition for relief. This timely appeal followed.

¶ 6 On appeal, Appellant presents the following issue for our review:

WHETHER THE PCRA COURT ERRED IN FAILING TO REINSTATE APPELLANT'S RIGHT TO A DIRECT APPEAL AFTER COUNSEL FAILED TO COMPLY WITH APPELLANT'S REQUEST TO TAKE AN APPEAL?

(Appellant's Brief at 2).

¶ 7 The PCRA court's order is subject to the following principles on review:

Our scope of review when examining a PCRA court's denial of relief is limited to whether the court's findings are supported by the record and the order is otherwise free of legal error. *Commonwealth v. Jermyn,* 551 Pa. 96, 709 A.2d 849 (1998); *Commonwealth v. Morales,* 549 Pa. 400, 701 A.2d 516 (1997); *Commonwealth v. Carbone,* 707 A.2d 1145 (Pa.Super.1998). We will not disturb findings that are supported by the record. *Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000 (1996) (*en banc*), *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Bell,* 706 A.2d 855 (Pa.Super.1998), *appeal denied,* 557 Pa. 624, 732 A.2d 611 (1998).

*Commonwealth v. Lambert,* 765 A.2d 306, 323 (Pa.Super.2000). Furthermore, as Appellant's issue is stated in terms of ineffectiveness of counsel, Appellant must show that: (1) his claim has arguable merit; (2)

counsel's performance had no reasonable basis; and (3) counsel's action or inaction worked to Appellant's prejudice. *Commonwealth v. Miller*, 560 Pa. 500, 746 A.2d 592 (2000). The PCRA standard regarding a claim of ineffective assistance of counsel is the same as the standard on direct appeal. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999).

 ¶ 8 Appellant contends that he was deprived of his right to a direct appeal when his privately retained defense counsel failed to comply with his explicit request to file a direct appeal. Appellant asserts that counsel failed to preserve and protect Appellant's right to appeal by simply advising Appellant of his option to contact the Public Defender's office, if he could not afford the additional retainer fee. Appellant argues that counsel retained the "ultimate duty to preserve the Appellant's right to appeal even if referral had to be made to the Public Defender if the [Appellant] could not satisfy the financial terms of continued representation on appeal." (Appellant's Brief at 5). Appellant concludes that plea counsel was ineffective for failing to file a direct appeal and that the PCRA court erred in its decision to deny Appellant reinstatement of his direct appeal as requested. We agree.

 ¶ 9 Generally, a petitioner who has pled guilty and later seeks post conviction relief must prove that the ineffectiveness of his plea counsel "unlawfully induced" his plea, making it involuntary or unknowing. 42 Pa.C.S.A. § 9542(a)(2)(iii); *Yager, supra* at 1004. However, the case of a petitioner who was denied a requested direct appeal by the ineffectiveness of his trial or plea counsel presents a special problem of constitutional dimension. In *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), our Supreme Court resolved this problem as follows:

[W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, [denying] the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, and constitutes prejudice.... Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Id.* at 226–27, 736 A.2d at 572 (footnotes and citations omitted). Counsel's unjustified failure to file a direct appeal will constitute prejudice *per se* under *Lantzy*, if the petitioner can establish that he did ask counsel to file an appeal. *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa.Super.1999), *appeal denied*, 562 Pa. 666, 753 A.2d 815 (2000).

 ¶ 10 Moreover, criminal defense counsel may not unilaterally abandon a client. Pa.R.Crim.P. 120(C) (formerly Pa.R.Crim.P. 302(b)). Under the applicable rules, once counsel enters his appearance, he may not withdraw his appearance except by leave of court. *Id.* Counsel is required under this rule to file a motion to withdraw and serve it upon the court, the attorney for the Commonwealth and the client. *Id.* Leave to withdraw shall be granted, unless the interests of justice otherwise require. *Id.*

¶ 11 This Court previously addressed the gravity of unilateral, informal withdrawal as counsel, and we reiterate that analysis:

The importance of the express requirement of formal allowance of withdrawal is well illustrated here. By informally withdrawing, counsel left appellant to

seek new private counsel, assignment of court appointed counsel, or to pursue direct appeal *pro se* during the critical 30–day period during which appellant was required to perfect or waive a direct appeal. Had counsel sought allowance of the court to formally withdraw as counsel, the trial court could have taken steps necessary to prevent the procedural default which occurred in this case by having counsel file notice of appeal before withdrawing, by assigning court appointed counsel, or by ensuring that appellant's notice of appeal would be effectual. We in no way suggest that counsel was required to continue as counsel in this matter in perpetuity. For a variety of reasons, from ethical to financial concerns, counsel properly may seek to withdraw from representing a client. Regardless of the legitimacy of counsel's grounds for withdrawal as counsel, formal leave of court is nonetheless clearly and unequivocally required before counsel may be deemed to have withdrawn as counsel.

*Commonwealth v. Keys,* 397 Pa.Super. 453, 580 A.2d 386, 387 (1990).

¶ 12 In *Keys,* the appellant's privately retained trial counsel withdrew without leave of court at the post-sentencing, but pre-appeal, stage of the case. *Id.* at 386–87. As a result of trial counsel's abandonment, the appellant filed a defective *pro se* notice of appeal, which was quashed. *Id.* at 387. We condemned the unauthorized withdrawal of trial counsel, holding when counsel of record fails to withdraw formally and properly as counsel, after sentencing but before the expiration of the time for filing of notice of appeal, yet counsel nonetheless ceases active representation, the appellant's loss of appellate rights will be deemed a procedural default attributable to counsel of record, but not to the appellant. *Id.* at 386. As formal withdrawal is a procedural safeguard, we cannot imagine a reason that counsel for a criminal defendant who pleads guilty should be held to a lesser standard than counsel would be if he represents a defendant who is tried and convicted. Thus, we apply the principles enunciated in *Keys, supra,* as equally controlling in the present case.

¶ 13 Here, plea counsel has admitted he did not seek leave of court to withdraw his representation of Appellant. Rather, plea counsel took the position that he had fulfilled his duty to his client by informing Appellant that he could obtain appellate counsel from the public defenders' association, and nothing more was necessary. On this basis, plea counsel simply ceased active representation of Appellant, disregarding the known and acknowledged fact that his client "definitely" wanted to file an appeal. Although a matter of fees associated with continued representation may be a legitimate ground for a motion to withdraw as counsel, it does not empower counsel to decide unilaterally and informally to cease representation. By withdrawing in this impermissible manner, plea counsel rendered Appellant ineffective legal assistance, resulting in *per se* prejudice to Appellant. *See Lantzy, supra.*

■ ¶ 14 Based upon the foregoing, we hold that counsel's procedural default denied Appellant his right to a direct appeal. *See Keys, supra.* The remedy for deprivation of this fundamental right of appeal is its restoration. *See id.* Accordingly, we reinstate Appellant's right to pursue a direct appeal and direct current counsel to file a proper notice of appeal within thirty (30) days of the date of the filing of this opinion. The court may then instruct current counsel to pursue the reinstated direct appeal or it can appoint new counsel for that purpose.

¶ 15 Order reversed; case remanded for the filing of a direct appeal. Jurisdiction is relinquished.