J. S11002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                    :        PENNSYLVANIA
          v.           :
                    :
HOWARD INGRAM,          :        No. 729 EDA 2015
                    :
         Appellant    :


Appeal from the PCRA Order, February 10, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005634-2008


BEFORE:  FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MARCH 03, 2016**

Howard Ingram appeals from the order entered February 10, 2015, denying his PCRA[1] petition.  We affirm.

In a prior memorandum, this court set forth the history of this case as follows:

> On November 26, 2007, Appellant was charged with murder, possession of an instrument of crime, and three violations of the Uniform Firearms Act – persons not to possess, possession of an unlicensed firearm, and possession of a firearm in public in Philadelphia.  The complaint averred that on November 25, 2007, Appellant shot David Howarth to death near 1615 Brill Street, Philadelphia. Appellant was not permitted to carry a gun due to his prior criminal record and thus was unlicensed to carry the weapon in question.

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

The record contains a written guilty plea colloquy that established the following.[2] On October 19, 2009, Appellant tendered a negotiated guilty plea to third degree murder and possession of an instrument of crime. The Commonwealth withdrew the firearms charges. The sentence was to be not more than fifteen to forty-five years in jail. On October 19, 2009, the court accepted the guilty plea and sentenced Appellant in accordance with the plea arrangement to fifteen to forty-five years incarceration. Appellant's post-sentence rights were set forth in written form, including the fact that he had to file an appeal with [sic] thirty days and had the right to file a post-sentence motion. Appellant and his attorney executed the explanation of Appellant's post-sentence rights. Neither a post-sentence motion nor a direct appeal was filed.

On May 21, 2010, Appellant filed a timely *pro se* PCRA petition. He sought both to withdraw his guilty plea on the basis that it was induced by ineffective assistance of counsel and reinstatement of his direct appeal rights *nunc pro tunc*. In that petition, Appellant specifically averred that counsel did not comply with his request to file a post-sentence motion and that counsel failed to "protect petitioner's rights to file his appeal, as requested by petitioner." *Pro Se* PCRA Petition, [5]/2[1]/10, at 3. PCRA counsel was appointed and filed an amended petition, seeking the right to file a direct appeal. Counsel averred that Appellant "wanted and requested that his attorney file an appeal in this matter, . . . but it was never done." Amended Petition, 9/21/12, at 2. In the amended petition, Appellant demanded that he either be granted an evidentiary hearing or accorded immediate reinstatement of his direct appeal rights.

On December 3, 2012, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss the petition

---

[2] The trial court also conducted a thorough oral plea colloquy and explained appellant's post-sentence and appeal rights. (Notes of testimony, 10/19/09 at 12-15.)

- 2 -

without a hearing on the basis that the issues raised were meritless. The petition was dismissed and this appeal followed. The docket indicates that on November 28, 2013, the PCRA court issued a "No Opinion Letter." Appellant raises a single issue:

> Whether the trial court erred in dismissing Petitioner's amended Post Conviction Relief Act (PCRA) petition without an on the record evidentiary hearing where the amended petition alleged that trial counsel rendered ineffective assistance by failing to file notice of appeal from the judgment of sentence following a guilty plea as requested by Petitioner?

Appellant's brief at 2.

*Commonwealth v. Ingram*, No. 364 EDA 2013, unpublished memorandum at 1-3 (Pa.Super. filed August 19, 2014).

On appeal, this court reversed and remanded for an evidentiary hearing, finding that there were outstanding issues of material fact, *i.e.*, whether appellant asked for a direct appeal. *Id.* at 4. "Indeed, even when a direct appeal is not requested, a defendant is entitled to an evidentiary hearing based upon an averment that trial counsel was ineffective for neglecting to consult with him about the filing of one." *Id.*, citing *Commonwealth v. Carter*, 21 A.3d 680 (Pa.Super. 2011). We relinquished jurisdiction. *Id.* at 5.

In fact, there was an evidentiary hearing held on appellant's PCRA petition, on December 3, 2012, at which appellant and plea counsel testified. The hearing was held before the Honorable Carolyn Engel Temin, who also

presided over appellant's guilty plea hearing. Judge Temin has since retired. The confusion appeared to stem from the fact that after holding an evidentiary hearing on the matter, Judge Temin issued Rule 907 notice, which is required when a PCRA petition is to be dismissed without a hearing. (Docket #D6.) In addition, on April 10, 2013, after the appeal was filed, PCRA counsel was permitted to withdraw. Current counsel, J. Michael Farrell, Esq., was appointed on April 16, 2013. Attorney Farrell was unaware that a hearing had occurred on December 3, 2012.

On remand, a status hearing was held on February 10, 2015, before the Honorable Glenn B. Bronson. Judge Bronson noted that Judge Temin did, in fact, hold a hearing on appellant's PCRA petition and made credibility determinations, specifically rejecting appellant's allegation that he asked trial counsel to withdraw his guilty plea and file an appeal. (Notes of testimony, 2/10/15 at 5.) On February 10, 2015, Judge Bronson denied appellant's petition, noting that this court's decision remanding the case was clearly premised on the erroneous belief that no hearing had been held and that "Judge Temin did, in fact, conduct a hearing on defendant's claim and issued detailed factual and credibility determinations before rejecting his allegations as incredible[.]" (Order, 2/10/15 at 1; Docket #D13.)

A timely notice of appeal was filed on March 12, 2015. On March 13, 2015, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b),

42 Pa.C.S.A. Appellant filed his Rule 1925(b) statement on Monday, April 6, 2015.[3] On May 12, 2015, the PCRA court issued a Rule 1925(a) opinion.

On September 8, 2015, Attorney Farrell filed a petition to withdraw and accompanying "*Anders* brief."[4] In a September 17, 2015 *per curiam* order, Attorney Farrell was directed to provide the Superior Court Prothonotary with copies of a letter to appellant advising him of his right to retain new counsel or proceed *pro se* in this appeal. *See Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super. 2006) (counsel must forward to the petitioner a copy of the "no-merit" letter and a statement advising the petitioner that, in the event the court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se* or with the

---

[3] Friday, April 3, 2015 was a court holiday (Good Friday). Therefore, appellant's Rule 1925(b) statement was timely. *See* 1 Pa.C.S.A. § 1908 (whenever the last day of any period of time referred to in a statute shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation).

[4] Attorney Farrell has filed an *Anders* brief rather than a *Turner*/*Finley* no-merit letter. *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On an appeal from the denial of a PCRA petition, a *Turner*/*Finley* letter is the appropriate filing. However, we may accept an *Anders* brief instead. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005) ("[B]ecause an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter."). *See also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) (guiding Pennsylvania courts' application of *Anders*). Despite counsel's error, we find that he has complied substantially with the *Turner*/*Finley* requirements. Hence, we overlook his procedural misstep.

assistance of privately retained counsel); *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa.Super. 2011) (the additional requirement imposed by the *Friend* decision remains intact). On October 2, 2015, copies of the letter from Attorney Farrell to appellant were received by this court. Appellant has not filed a *pro se* response to Attorney Farrell's petition to withdraw.

The sole issue for our review is appellant's allegation that plea counsel, Helen Levin, Esq., was ineffective for failing to file post-sentence motions and/or a direct appeal on his behalf. Appellant sought reinstatement of his direct appeal rights *nunc pro tunc*.

> The PCRA court's order is subject to the following principles on review:
>
>> Our scope of review when examining a PCRA court's denial of relief is limited to whether the court's findings are supported by the record and the order is otherwise free of legal error. *Commonwealth v. Jermyn*, 551 Pa. 96, 709 A.2d 849 (1998); *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516 (1997); *Commonwealth v. Carbone*, 707 A.2d 1145 (Pa.Super.1998). We will not disturb findings that are supported by the record. *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000 (1996) (*en banc*), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Bell*, 706 A.2d 855 (Pa.Super.1998), *appeal denied*, 557 Pa. 624, 732 A.2d 611 (1998).
>
>> *Commonwealth v. Lambert*, 765 A.2d 306, 323 (Pa.Super.2000). Furthermore, as Appellant's issue is stated in terms of ineffectiveness of counsel,

Appellant must show that: (1) his claim has arguable merit; (2) counsel's performance had no reasonable basis; and (3) counsel's action or inaction worked to Appellant's prejudice. ***Commonwealth v. Miller***, 560 Pa. 500, 746 A.2d 592 (2000).

***Commonwealth v. Qualls***, 785 A.2d 1007, 1009-1010 (Pa.Super. 2001).

Generally, a petitioner who has pled guilty and later seeks post conviction relief must prove that the ineffectiveness of his plea counsel "unlawfully induced" his plea, making it involuntary or unknowing. 42 Pa.C.S.A. § 9542(a)(2)(iii); ***Yager***, ***supra*** at 1004. However, the case of a petitioner who was denied a requested direct appeal by the ineffectiveness of his trial or plea counsel presents a special problem of constitutional dimension. In ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999), our Supreme Court resolved this problem as follows:

[W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, [denying] the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, and constitutes prejudice. . . . Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

***Id.*** at 226-27, 736 A.2d at 572 (footnotes and citations omitted).

Counsel's unjustified failure to file a direct appeal will constitute prejudice ***per se*** under ***Lantzy***, if the

> petitioner can establish that he did ask counsel to file an appeal. *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa.Super.1999), *appeal denied*, 562 Pa. 666, 753 A.2d 815 (2000).

*Id.* at 1010. *See also Commonwealth v. Bath*, 907 A.2d 619, 622-623 (Pa.Super. 2006), *appeal denied*, 918 A.2d 741 (Pa. 2007) (counsel has a duty to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal, *e.g.*, because there are non-frivolous grounds for appeal, or the defendant reasonably demonstrated to counsel that he was interested in appealing), discussing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super. 2001).

At the PCRA hearing held on December 3, 2012, appellant testified that he asked plea counsel, Attorney Levin, to file a motion for reconsideration of sentence. (Notes of testimony, 12/3/12 at 8.) According to appellant, he spoke with Attorney Levin immediately following the guilty plea proceeding. (*Id.* at 10-11, 13.)

Attorney Levin testified that she has been a public defender since 1985, and was assigned to the homicide unit in 1995. (*Id.* at 14.) She remembered appellant's case. (*Id.* at 15.) Attorney Levin recalled that they were not anticipating a guilty plea and were prepared to go to trial. (*Id.* at 16.) Attorney Levin testified that she had no recollection of appellant asking her to file post-sentence motions or an appeal, and there is no indication that he did so in her file. (*Id.*) Attorney Levin testified that if appellant had

asked her to file a motion for reconsideration of sentence, she would have explained to him that the trial court could not reconsider a negotiated sentence, but that she could file a motion to withdraw the guilty plea on his behalf. (*Id.* at 20-21.) However, she does not recall appellant ever asking her to file any post-sentence motions. (*Id.*)

After hearing all the testimony, Judge Temin found that appellant's guilty plea was entered knowingly, intelligently, and voluntarily, and that he did not ask Attorney Levin to file any post-sentence motions or an appeal:

> I believe Ms. Levin's testimony, which is -- and if [he] had asked her to file an appeal, she would have proceeded as she testified that if -- she would have indicated that I couldn't reconsider the sentence, that she couldn't ask me to reconsider the sentence. But if he wanted to file an appeal, she would have filed an appeal. Whether or not she thought it was going to be a successful appeal, she would have done that. So the petition is denied.

*Id.* at 25.

Essentially, the PCRA court made a credibility determination, which is unassailable on appeal. *See Widgins*, 29 A.3d at 820, citing *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) ("The PCRA court's credibility determinations are binding on this Court, where the record supports those determinations."). We have no basis on which to set aside the PCRA court's determination that appellant did not request the filing of post-sentence motions or a direct appeal; nor was there any reason for Attorney Levin to think that appellant would want to take an appeal.

Appellant had entered a negotiated plea following a thorough and probing plea colloquy. The PCRA court specifically found that appellant's testimony that he asked Attorney Levin to file a motion for reconsideration was not believable. As the record supports the PCRA court's credibility determination, we agree with counsel that appellant's claim lacks merit and the instant appeal is frivolous. Therefore, we will affirm the order denying appellant *nunc pro tunc* relief, and grant Attorney Farrell's petition to withdraw.

Petition to withdraw granted; order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016