J-S92031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN BRITT, | : | |
| | : | |
| Appellant | : | No. 784 WDA 2016 |

Appeal from the PCRA Order April 19, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004137-2006

BEFORE: SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 07, 2017**

Kevin Britt (Appellant) appeals *pro se* from the order entered on April 19, 2016, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we remand for proceedings consistent with this memorandum.

In light of our disposition, a complete recitation of the factual and procedural history is unnecessary. Pertinent to this appeal, in July 2007, following a jury trial, Appellant was found guilty of, *inter alia*, robbery, criminal conspiracy, and burglary. Appellant was sentenced to an aggregate term of incarceration of 38½ to 77 years. On December 8, 2008, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal soon thereafter.

_____
* Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Britt***, 965 A.2d 289 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 983 A.2d 725 (Pa. 2009).

Appellant's first PCRA petition resulted in no relief. ***Commonwealth v. Britt***, 50 A.3d 238 (Pa. Super. 2012) (unpublished memorandum). Appellant filed the petition that is the subject of the instant appeal on June 20, 2014, and requested the appointment of counsel. Within his petition, Appellant claimed that he is entitled to relief because of newly-discovered information concerning his trial attorney and an alleged ***Brady***[1] violation. On July 2, 2014, the PCRA denied Appellant's request for counsel and issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's PCRA petition without holding an evidentiary hearing. Appellant filed a response to the Rule 907 notice on July 23, 2014, and on September 10, 2014, the PCRA court issued an order scheduling a hearing.

At the hearing on November 24, 2014, the PCRA court was informed that Appellant was in the process of retaining private counsel and granted a continuance for counsel to enter his appearance. Patrick K. Nightingale, Esquire, entered his appearance on behalf of Appellant on February 24, 2015, and requested the PCRA court schedule a hearing. Attorney Nightingale eventually filed an amended petition. Following several continuances, a hearing was held on November 20, 2015. The PCRA court ordered briefs and took the matter under advisement.

---

[1] ***Brady v. Maryland***, 373 U.S. 83 (1963).

On March 24, 2016, the trial court filed a Rule 907 notice,[2] and Appellant responded *pro se*, opposing the court's intention to dismiss his petition. On April 19, 2016, the PCRA court dismissed Appellant's petition. On May 18, 2016, Appellant *pro se* filed a notice of appeal, motion to proceed *in forma pauperis*, and request for the appointment of counsel. The PCRA court granted Appellant's request to proceed *in forma pauperis* but denied his request for counsel.[3]

Before we address the issues set forth on appeal, we must first determine if Appellant was entitled to the appointment of counsel by the PCRA court. In doing so, we are mindful of the following.

"On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant." Pa. R. Crim. P. 904(D). "[T]he appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa. R. Crim. P. 904(F)(2).

---

[2] A notice pursuant to Pa.R.Crim.P 907 is only required if the PCRA court intends to dismiss a petition **without** a hearing.

[3] Appellant and the PCRA court complied with the directives of Pa.R.A.P. 1925.

Because the PCRA court scheduled a hearing on Appellant's petition, Appellant was entitled to the appointment of counsel. Here, although the trial court initially filed a notice, notifying Appellant that it intended to dismiss his petition, it later decided, following Appellant's *pro se* response to its Rule 907 notice, that a hearing was warranted. At that juncture, for the reasons cited *supra*, counsel should have been appointed. Nonetheless, the trial court was later informed at the scheduled hearing that Appellant was procuring private counsel, and granted a continuance for further proceedings. Counsel eventually entered his appearance on Appellant's behalf, filed an amended petition, and represented Appellant at the November 20, 2015 hearing. However, although Appellant now proceeds *pro se*, there is no indication in the record or court docket that suggests Attorney Nightingale subsequently withdrew his appearance.

> [A] criminal defense counsel may not unilaterally abandon a client. Pa.R.Crim.P. [120(d)]. Under the applicable rules, once counsel enters his appearance, he may not withdraw his appearance except by leave of court. Counsel is required under this rule to file a motion to withdraw and serve it upon the court, the attorney for the Commonwealth and the client. Leave to withdraw shall be granted, unless the interests of justice otherwise require.

***Commonwealth v. Qualls***, 785 A.2d 1007, 1010 (Pa. Super. 2001) (some citations omitted).

In light of the foregoing, we are constrained to remand this case due to counsel's apparent continued representation of Appellant since he has failed to withdraw his appearance. Upon remand, the PCRA court should

inquire as to the status of Appellant's representation and determine if counsel seeks permission to withdraw. If counsel does and his request to withdraw is granted, the PCRA court shall appoint new counsel. In the alternative, if Appellant wishes to proceed *pro se*, a **Grazier**[4] hearing is required.

Case remanded for proceedings consistent with this memorandum. Jurisdiction Relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2017

---

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).