**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ORRIN WINSTON MCRAE | |
| Appellant | No. 1023 EDA 2015 |

Appeal from the PCRA Order April 2, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001580-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                      **FILED MAY 05, 2017**

Orrin Winston McRae appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Due to a procedural default by plea counsel, we reverse and remand for the reinstatement of McRae's appellate rights.

On February 4, 2014, McRae entered a negotiated guilty plea to possession with intent to deliver,[1] several firearms violations,[2] and resisting arrest.[3]  McRae was sentenced to 8-16 years' incarceration, with two years of concurrent state probation.  The court also imposed a five-year

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. §§ 6105(a)(1), 6110.2(a).

[3] 75 Pa.C.S. § 3733(a).

mandatory minimum sentence, pursuant to 42 Pa.C.S. § 9712.1(a) (mandatory sentences for certain drug offenses committed with firearms). McRae did not file post-sentence motions or a direct appeal.

On May 8, 2014, McRae filed a timely *pro se* PCRA petition. On May 19, 2014, Henry DiBenedetto-Forrest, Esquire, was appointed as PCRA counsel, **see** Pa.R.Crim.P. 904(C), and was ordered to file an amended petition within 60 days. On September 25, 2014, counsel filed an application to withdraw pursuant to **Turner/Finley**.[4] On that same day, the court granted counsel's petition to withdraw and issued Pa.R.Crim.P. 907 notice of intent to dismiss McRae's petition without a hearing. On April 2, 2015, the court dismissed McRae's petition without a hearing. On April 13, 2015, McRae filed a timely notice of appeal, raising the following issue:

> Whether the trial court erred in not correcting [McRae's] illegally prescribed sentence. The trial court's assertion that [McRae] is sentenced in the prescribed penalty [range], and [McRae] is untimely is an error. The Court should vacate[] sentence, and resentence Appellant in prescribed penalty range.

Appellant's Brief, at 1.

Before we address McRae's substantive issue on appeal, we must first turn our attention to a procedural conundrum presented in the instant case. On October 8, 2013, Dawn Getty Sutphin, Esquire, was appointed to

_____

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

represent McRae; Attorney Sutphin represented McRae through the plea proceedings. There is nothing in the record, however, indicating that Attorney Sutphin ever filed a motion to withdraw from representing McRae.[5]

Pursuant to our rules of criminal procedure, both privately retained and appointed defense counsel must follow certain formal procedures when seeking to withdraw from representation of a client. *See* Pa.R.Crim.P. 120. Specifically, Pennsylvania Rule of Criminal Procedure 120 provides, in pertinent part:

(A) Entry of Appearance

(1) Counsel for defendant shall file an entry of appearance with the clerk of courts promptly after being retained, and serve a copy of the entry of appearance on the attorney for the Commonwealth.

* * *

(4) An attorney who has been retained or appointed by the court **shall continue such representation through direct appeal or until granted leave to withdraw by the court** pursuant to paragraph (B).

(B) Withdrawal of Appearance

(1) Counsel for a defendant may not withdraw his or her appearance except by leave of court.

(2) A motion to withdraw shall be:

---

[5] Notably, after McRae filed a *pro se* PCRA petition on May 8, 2014, Henry DiBenedetto-Forrest (private counsel) was appointed as PCRA counsel. Rather than file an amended petition, Attorney DiBenedetto-Forrest filed a motion to withdraw under **Turner/Finley**, which the court granted on September 25, 2014.

(a) filed with the clerk of courts, and a copy concurrently served on the attorney for the Commonwealth and the defendant; or

(b) made orally on the record in open court in the presence of the defendant.

Pa.R.Crim.P. 120(A)(1), (4), (B)(1)-(2) (emphasis added). The comment to Rule 120 explains that, "[u]nder paragraph (B)(2), counsel must file a motion to withdraw in all cases, and counsel's obligation to represent the defendant, whether as retained or appointed counsel, remains until leave to withdraw is granted by the court." Pa.R.Crim.P. 120, comment (citing *Commonwealth v. Librizzi*, 810 A.2d 692, 693 (Pa. Super. 2002) (stating that once counsel enters appearance, he or she is responsible for diligently representing client until appearance is withdrawn by leave of court; responsibility to client includes filing requested appeal)).

In the instant case, there is nothing in the record indicating that plea counsel consulted with McRae regarding his post-sentence or appellate rights, other than what is stated in the standard language of the written guilty plea colloquy. *See* Guilty Plea Statement, Statement of Post-Sentence Rights, 2/4/14 ("I represent the Defendant in the above-captioned case. I have explained the Post-Sentence Rights contained in this document to the Defendant and I am satisfied that the Defendant understands these rights."). Moreover, because the record does not reflect that counsel was ever granted leave to withdraw, it appears that counsel did not fulfil her duty of representing McRae throughout the appellate process. *See* Pa.R.Crim.P. 120. In *Commonwealth v. Keys*, 580 A.2d 386 (Pa. Super. 1990), counsel

- 4 -

informed the defendant, after sentencing but before the time expired for filing a direct appeal, that he would no longer represent him. However, because counsel failed to seek or receive leave of court to withdraw as counsel, our Court found that the defendant was denied his right to a direct appeal by counsel's procedural default. *Id.* at 387. Consequently, the Court reversed the trial court's order and reinstated the defendant's right to a direct criminal appeal. *Id.* at 387-88.

Likewise, we must reverse the trial court's order here and reinstate McRae's right to a direct appeal because the record reflects that McRae was effectively abandoned during the appeal period. We direct the court to appoint new appellate counsel who shall file a notice of appeal *nunc pro tunc* within thirty days of the filing of this memorandum.

Order reversed. Appeal rights reinstated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.[6]

_____

[6] By referencing several sentences in his *pro se* appellate brief, we are able to decipher that McRae has made a veiled ***Alleyne***/mandatory minimum sentence argument. Because at the time that McRae's judgment of sentence became final, ***Alleyne*** had already been decided, plea counsel should have been on notice that the constitutionality of our Commonwealth's mandatory minimum statutes was in question. ***See Commonwealth v. Melendez-Negron***, 123 A.2d 1087, 1091 (Pa. Super. 2015). Therefore, under the holdings announced by our Court in ***Commonwealth v. Ciccone***, 2016 PA Super 283 (Pa. Super. filed Dec. 13, 2016) (en banc), and ***Commonwealth v. Rivera***, 2017 PA Super 14 (Pa. Super. filed Jan. 18, 2017) (en banc), which interpret our Supreme Court's decision, ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), plea counsel should have consulted with McRae regarding whether he wished to appeal the non-frivolous issue concerning the legality of his negotiated sentence under ***Alleyne***. ***Rivera***,
*(Footnote Continued Next Page)*

Judge Stabile concurs in the result.

Judge Shogan files a Dissenting Memorandum.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2017

---

*(Footnote Continued)* ――――――――

***supra***.  However, due to the procedural default of plea counsel that resulted in the loss of McRae's appellate rights, we need not reach that issue today.