J-S36008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LANIER E. RILEY | |
| Appellant | No. 134 EDA 2016 |

Appeal from the PCRA Order December 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0510931-2004

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.                **FILED JULY 10, 2017**

The trial court, sitting as fact-finder, convicted Appellant, Lanier Riley, of possession with intent to deliver cocaine and several related charges. In this appeal, Riley asserts that his second petition pursuant to the Post Conviction Relief Act ("PCRA") was improperly dismissed by the PCRA court. After reviewing the record, we conclude that Riley was denied effective assistance of counsel, and remand for the filing of a Pa.R.A.P. 1925(b) statement of matters complained of on appeal *nunc pro tunc*.

On September 10, 2014, Michael Pileggi, Esquire, filed a petition seeking PCRA relief based upon Riley's discovery of allegations that, among other things, Philadelphia police officers Thomas Liciardello and Brian Reynolds had planted evidence on criminal defendants in other cases. Both officers testified against Riley at his trial.

In the certified docket entries, Attorney Pileggi is identified as Riley's attorney for the entry recording the order dismissing the PCRA petition. Furthermore, attorney Pileggi represented Riley at the argument session where the PCRA court announced its intent to dismiss the petition. *See* N.T., PCRA Argument, 12/4/15. There is no indication in the record that Attorney Pileggi ever withdrew his appearance in this matter.

The next entry in the docket is a *pro se* notice of appeal filed by Riley on December 29, 2015. Immediately following that is an entry title "Statement of Matters Complained on Appeal," filed *pro se* with the same date. A review of this document reveals that Riley dated it December 28, 2015. However, the time stamp on the document, in contravention of the docket, indicates a filing date of December 29, *2016*.

On January 21, 2016, the PCRA court entered an order directing Attorney Pileggi to file a statement of matters complained of on appeal pursuant to P.R.A.P. 1925(b). There is no indication in the record that Attorney Pileggi complied with this order.

On March 29, 2016, the PCRA court authored an opinion finding Riley's issues on appeal waived due to Attorney Pileggi's failure to file the required statement.

Riley's *pro se* Pa.R.A.P. 1925 statement is a nullity. The certified record supports the conclusion that Attorney Pileggi never withdrew his appearance. Counsel therefore still represents Riley at this time. ***See***

Pa.R.Crim.P. 120; **Commonwealth v. Keys**, 580 A.2d 386, 387 (Pa. Super. 1990). Riley's filing constituted an impermissible attempt at hybrid representation. **See**, **e.g.**, **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (where appellant was represented by counsel on appeal, his *pro se* Rule 1925(b) statement was a "legal nullity").

Thus, Attorney Pileggi's failure to respond to the PCRA court's order directing him to file a Pa.R.A.P. 1925(b) statement would cause all of Riley's issues to be waived. **See** Pa.R.A.P. 1925(b)(4)(vii). However, under these circumstances, we are convinced that Attorney Pileggi's failure constitutes ineffectiveness *per se*, and therefore remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc*. **See** Pa.R.A.P. 1925(c)(3). The PCRA court must then promptly file an appropriate response.

Case remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017