J. S06041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID WAYNE FAUST, | : | No. 1374 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered November 15, 2018,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0000512-2018

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        Filed: March 18, 2020

David Wayne Faust appeals **pro se** from the November 15, 2018 judgment of sentence[1] entered in the Court of Common Pleas of Bucks County following his entry of guilty pleas to one count each of theft by failure to make required disposition of funds received, deceptive or fraudulent business practice, and identity theft.[2]  The trial court imposed an aggregate sentence of 6½ to 13 years of incarceration and ordered restitution in the amount of

---

[1] Appellant filed his **pro se** appeal from the March 22, 2019 order denying his post-sentence motion.  In the criminal context, however, an appeal properly lies from the judgment of sentence and not from an order denying post-sentence motions.  **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (**en banc**).  We have, therefore, amended the caption to reflect that this appeal is from the November 15, 2018 judgment of sentence.

[2] 18 Pa.C.S.A. §§ 3927(a), 4107(a)(2), and 4120(a), respectively.

$304,025. For the reasons that follow, we reinstate appellant's direct appeal rights ***nunc pro tunc*** and remand with instructions.

The record reflects that appellant, a then-licensed funeral director and owner of Faust Funeral Home, was charged with numerous offenses that occurred between 1999 and 2017 and involved 54 victims. All victims purchased pre-paid funerals from appellant. With respect to some of the victims, appellant forged a physician's signature on false death certificates in order to obtain funds placed in escrow for pre-paid funerals and then used those funds for his own benefit. As concerns other victims, appellant never placed the pre-paid funeral funds into escrow, but merely cashed the checks and used the money for his own benefit. An investigation into appellant's activities resulted in appellant's being charged with numerous theft-related offenses at two separate docket numbers; specifically, No. CP-09-CR-0000512-2018 ("Docket 512") and No. CP-09-CR-0000513-2018 ("Docket 513").[3]

The record reflects that appellant was represented by Jeffrey Allen Sigman, Esq., at the initiation of the criminal proceedings against

---

[3] The record reflects that appellant entered guilty pleas at Docket 513 to forgery (unauthorized act in writing), 18 Pa.C.S.A. § 4101(a)(2); tampering with public records or information, 18 Pa.C.S.A. § 4911(a)(1); identity theft, 18 Pa.C.S.A. § 4120(a); impersonating a holder of a professional license, 18 Pa.C.S.A. § 4913(a)(1); theft by deception, 18 Pa.C.S.A. § 3922(a)(1); and forgery (uttering a forged writing), 18 Pa.C.S.A. § 4101(a)(3). Appellant's aggregate sentence at Docket 512 and Docket 513 was 9 years to 18 years of imprisonment.

appellant at Docket 512 and Docket 513 through the June 5, 2018 guilty plea proceedings. Nothing in the records at Docket 512 or Docket 513 indicates that Attorney Sigman moved to withdraw his representation. On August 3, 2018, however, Steven Michael Jones, Esq., entered his appearance on appellant's behalf at Docket 512 and Docket 513. Attorney Jones appeared with appellant at appellant's November 15, 2018 sentencing on both dockets. On November 26, 2018,[4] Attorney Jones filed motions for modification of sentence at both dockets. On December 7, 2018,[5] the trial court entered an order at Docket 512 reflecting the agreement between the Commonwealth and Attorney Jones that Count 3 at Docket 512 would be modified to an 18 to 36-month sentence of incarceration to run consecutive to Count 1 of that docket. On March 22, 2019, the trial court entered an order denying appellant's post-sentence motion to modify sentence at Docket 512. The certified record before us indicates that the trial court did not enter an order with respect to the disposition of appellant's post-sentence motion at Docket 513. Therefore, pursuant to Pa.R.Crim.P. 720(B)(3)(a), that motion was denied by operation of law on March 25, 2019. ***See***

---

[4] We note that the post-sentence motions were timely filed because the tenth day of the ten-day period for the filing of a post-sentence motion provided in Pa.R.Crim.P. 720(A)(1) fell on a Sunday. ***See*** 1 Pa.C.S.A. 1908 (omitting Saturday, Sunday, and legal holidays from filing time computations).

[5] We note that the order is dated December 6, 2018, but was entered on the docket on December 7, 2018.

Pa.R.Crim.P. 720(B)(3)(a) (providing post-sentence motion is denied by operation of law if trial court fails to decide or grant extension within 120 days).

The record further reflects that appellant filed a ***pro se*** notice of appeal on April 24, 2019, from Docket 512.[6]  In the notice of appeal, appellant states that he received the order denying his post-sentence motion on April 16, 2019, which late notice prohibited him from obtaining a copy of the docket sheet for inclusion with the notice of appeal.  (***See*** appellant's ***pro se*** notice of appeal at footnote "*".)  Additionally, appellant attached to his notice of appeal a copy of correspondence from Attorney Jones dated March 27, 2019, advising appellant that the trial court denied his post-sentence motion, that appellant has 30 days to appeal, and that Attorney Jones "will not be representing [appellant] in an appeal," and wishing appellant "luck." (Appellant's notice of appeal, 4/24/19 at attachment.)  Appellant also attached a copy of the envelope that Attorney Jones's letter was allegedly mailed in that indicates Attorney Jones sent this letter to a post office box in St. Petersburg, Florida, that is used to process inmate mail from senders other than the inmate's counsel or a court.  Nothing in the certified records at Docket 512 and Docket 513 indicates that Attorney Jones moved to withdraw

---

[6] We note that the trial court then ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant, ***pro se***, timely complied.  Thereafter, the trial court filed a Rule 1925(a) opinion.

his representation of appellant, much less that the trial court granted him leave to withdraw. Therefore, the records demonstrate that Attorney Jones, appellant's privately retained counsel, actively represented appellant through sentencing and the filing of post-sentence motions on Docket 512 and Docket 513. Before the time expired for filing notices of appeal, however, Attorney Jones informed appellant that he will not be representing appellant on direct appeal.

Appellant has now filed a ***pro se*** brief raising a discretionary aspect of sentencing claim with respect to the sentences imposed on November 15, 2018, at Docket 512 and Docket 513. The trial court declined to address appellant's claim at Docket No. 513 because appellant failed to take an appeal from that docket. (Trial court opinion, 7/29/19 at 1.) For the following reasons, we reinstate appellant's direct appeal rights at Docket 512 and Docket 513 ***nunc pro tunc*** and remand for further proceedings consistent with this memorandum.

> [C]riminal defense counsel may not unilaterally abandon a client. Pa.R.Crim.P. 120(C) (formerly Pa.R.Crim.P. 302(b)). Under the applicable rules, once counsel enters his appearance, he may not withdraw his appearance except by leave of court. ***Id.*** Counsel is required under this rule to file a motion to withdraw and serve it upon the court, the attorney for the Commonwealth and the client. ***Id.*** Leave to withdraw shall be granted, unless the interests of justice otherwise require. ***Id.***
>
> This Court previously addressed the gravity of unilateral, informal withdrawal as counsel, and we reiterate that analysis:

> The importance of the express requirement of formal allowance of withdrawal is well illustrated here. By informally withdrawing, counsel left appellant to seek new private counsel, assignment of court appointed counsel, or to pursue direct appeal *pro se* during the critical 30-day period during which appellant was required to perfect or waive a direct appeal. Had counsel sought allowance of the court to formally withdraw as counsel, the trial court could have taken steps necessary to prevent the procedural default which occurred in this case by having counsel file notice of appeal before withdrawing, by assigning court appointed counsel, or by ensuring that appellant's notice of appeal would be effectual.
>
> We in no way suggest that counsel was required to continue as counsel in this matter in perpetuity. For a variety of reasons, from ethical to financial concerns, counsel properly may seek to withdraw from representing a client. Regardless of the legitimacy of counsel's grounds for withdrawal as counsel, formal leave of court is nonetheless clearly and unequivocally required before counsel may be deemed to have withdrawn as counsel.

*Commonwealth v. Keys*, 397 Pa. Super. 453, 580 A.2d 386, 387 (Pa. Super. 1990).

In *Keys*, the appellant's privately retained trial counsel withdrew without leave of court at the post-sentencing, but pre-appeal, stage of the case. *Id.* 580 A.2d at 386-87. As a result of trial counsel's abandonment, the appellant filed a defective *pro se* notice of appeal, which was quashed. *Id.* at 387. We condemned the unauthorized withdrawal of trial

counsel, holding when counsel of record fails to withdraw formally and properly as counsel, after sentencing but before the expiration of the time for filing of notice of appeal, yet counsel nonetheless ceases active representation, the appellant's loss of appellate rights will be deemed a procedural default attributable to counsel of record, but not to the appellant. *Id.* 580 A.2d at 386. As formal withdrawal is a procedural safeguard, we cannot imagine a reason that counsel for a criminal defendant who pleads guilty should be held to a lesser standard than counsel would be if he represents a defendant who is tried and convicted. Thus, we apply the principles enunciated in *Keys*, *supra*, as equally controlling in the present case.

*Commonwealth v. Qualls*, 785 A.2d 1007, 1010-1011 (Pa.Super. 2001).

Here, nothing in the records at Docket 512 and Docket 513 indicates that Attorney Jones sought leave of court to withdraw his representation of appellant. Rather, Attorney Jones merely sent a letter to appellant stating that he "will not be representing [appellant] in an appeal." (Appellant's *pro se* notice of appeal, 4/24/19 at attachment.) By ceasing to represent appellant without leave of court, Attorney Jones rendered ineffective legal assistance that resulted in *per se* prejudice to appellant by denying appellant his right to directly appeal his convictions at Docket 513. *See Qualls*, 785 A.2d at 1011. Moreover, this is not a case where the appellant waived his right to counsel and elected to proceed *pro se*. This is a case where appellant proceeded *pro se* out of necessity. As such, the character and content of the issue appellant raised at Docket 512 may have been different had appellant had the benefit of counsel. Accordingly, we reinstate appellant's rights to a

direct appeal ***nunc pro tunc*** at Docket 512 and Docket 513 and direct Attorney Jones to file notices of appeal at both dockets within 30 days of the date of filing this memorandum. Attorney Jones may then properly seek to withdraw in the trial court. The trial court may then decide the issue of appellant's representation by requiring appellant to secure private counsel, appoint counsel finding eligibility for same, or allow appellant to represent himself following a ***Grazier***[7] colloquy. The remand may change the content and character of these appeals substantially, requiring the issuance of new Rule 1925(b) orders and Rule 1925(a) opinions, as well as the preparation of new briefs that may necessitate discussion of new issues raised by counsel or by appellant himself. Therefore, we remand this case for proceedings consistent with this memorandum, and we relinquish our jurisdiction.

Case remanded for the filing of direct appeals at No. CP-09-CR-0000512-2018 and No. CP-09-CR-0000513-2018 ***nunc pro tunc*** and proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/20

---

[7] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).