J-S03037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFAEL R. SANCHES, JR., | : | |
| | : | |
| Appellant | : | 1164 WDA 2016 |

Appeal from the PCRA Order July 26, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001914-2013

BEFORE:    OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 17, 2017**

Rafael R. Sanches, Jr. (Appellant) appeals *pro se* from the July 26, 2016 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  For the reasons that follow, we remand for further proceedings consistent with this memorandum.

On January 15, 2014, Appellant pled guilty to criminal conspiracy and multiple related drug offenses, including possession with intent to deliver (PWID).  In exchange for his guilty plea, the Commonwealth agreed to "reduce the weight of the marijuana to 9.9 pounds in the criminal information and waive the mandatory minimum" attached to Appellant's PWID charge.  PCRA Court's Pa.R.Crim.P. 907 Notice, 6/29/2016, at 1.  On April 15, 2014, Appellant was sentenced to an aggregate term of 30 to 60 months' incarceration, followed by three years of consecutive probation.

*Retired Senior Judge assigned to the Superior Court.

On April 23, 2014, Appellant filed a motion for modification of sentence, which was denied by court order that same day. Appellant timely filed a direct appeal to this Court. On September 17, 2015, we affirmed Appellant's judgment of sentence. **Commonwealth v. Sanches**, 133 A.3d 74 (Pa. Super. 2015) (unpublished memorandum). Appellant did not seek review by our Supreme Court.

On November 16, 2015, Appellant filed *pro se* a PCRA petition. Attorney William Hathaway was appointed and, on January 4, 2016, filed a supplemental PCRA petition. On March 11, 2016, the PCRA court held an evidentiary hearing. On June 29, 2016, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition pursuant to Rule of Criminal Procedure 907.[1] On July 26, 2016, the PCRA court dismissed Appellant's petition. This timely-filed *pro se* appeal followed.

Before we address the issues raised by Appellant, we must first address whether Appellant is properly proceeding *pro se* in this Court.[2] In doing so, we are mindful of the following.

---

[1] The procedure utilized by the PCRA court was improper as Rule 907 controls only when the PCRA court determines that no hearing is required to dispose of the PCRA petition. However, the court was permitted to dismiss Appellant's PCRA petition following a hearing pursuant to Pa.R.Crim.P. 908(D)(1).

[2] Although Appellant has not specifically raised an issue regarding his lack of PCRA counsel, we observe that we may do so *sua sponte. **See Commonwealth v. Stossel**,* 17 A.3d 1286, 1290 (Pa. Super. 2011)

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner on his or her first PCRA petition.[3] Pa.R.Crim.P. 904(C). In this regard, this Court has stated as follows:

> An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. This right to representation exists throughout the post-conviction proceedings, **including any appeal from disposition of the petition for post-conviction relief**. Once counsel has entered an appearance on a defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance.

***Commonwealth v. Brown***, 836 A.2d 997, 998-99 (Pa. Super. 2003) (emphasis added; citations and internal quotation marks omitted).

The record reflects that Attorney Hathaway entered his appearance on Appellant's behalf, filed an amended PCRA petition, and represented Appellant at the March 11, 2016 PCRA hearing. Additionally, the clerk of courts, pursuant to Pa.R.Crim.P. 576(A)(4), forwarded to Attorney Hathaway a *pro se* motion for relief filed by Appellant following his PCRA hearing. Letter, 7/26/2016. However, Appellant now proceeds *pro se* and there is no indication in the record or court docket that suggests appointed counsel

---

(discussing the right of Superior Court to address the appellant's lack of counsel *sua sponte* in PCRA matter).

[3] This requirement is irrespective of whether Appellant requests counsel to be appointed. ***See Commonwealth v. Auchmuty***, 799 A.2d 823, 826 (Pa. Super. 2002) ("[This Court] opined that clearly Rule [] 904 does not require petitioners to affirmatively request appointment of counsel and concluded it also was necessary to remand for appointment of counsel.").

subsequently withdrew his appearance, or that Appellant affirmatively waived his right to counsel.

> [A] criminal defense counsel may not unilaterally abandon a client. Pa.R.Crim.P. [120(d)]. Under the applicable rules, once counsel enters his appearance, he may not withdraw his appearance except by leave of court. Counsel is required under this rule to file a motion to withdraw and serve it upon the court, the attorney for the Commonwealth and the client. Leave to withdraw shall be granted, unless the interests of justice otherwise require.

*Commonwealth v. Qualls*, 785 A.2d 1007, 1010 (Pa. Super. 2001) (some citations omitted).

In light of the foregoing, we remand this case due to counsel's apparent abandonment of Appellant for the PCRA court to inquire as to the status of Appellant's representation and to determine if counsel seeks permission to withdraw. If counsel does, and his request to withdraw is granted, the PCRA court shall appoint new counsel. In the alternative, if Appellant wishes to proceed *pro se*, a *Grazier*[4] hearing is required.

Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017